1   STEPHEN L. BERRY (SB# 101576)
    stephenberry@paulhastings.com
2   EDWARD B. RASKIN (SB# 244936)
    edwardraskin@paulhastings.com
3   PAUL, HASTINGS, JANOFSKY & WALKER LLP
    695 Town Center Drive
4   Seventeenth Floor
    Costa Mesa, CA 92626-1924
5   Telephone: (714) 683-6200
    Facsimile: (714) 979-1921
6
7   JAN E. EAKINS (SB# 100612)
    janeakins@paulhastings.com
8   PAUL, HASTINGS, JANOFKSY & WALKER LLP
    515 S. Flower Street, 25the Floor
9   Los Angeles, CA 90071
    Telephone: (213) 683-6000
    Facsimile: (213) 996-3356
10
11  Attorneys for Defendants
    GMRI, INC. and DARDEN RESTAURANTS, INC.

12

13              UNITED STATES DISTRICT COURT

14      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

15

16

17  ANNA JOHNSON and LANDON         CASE NO.™ **CV08-02279**
    BRINKMAN, individually and on
18  behalf of all others similarly situated,   **NOTICE OF REMOVAL OF CIVIL
                                         ACTION UNDER 28 U.S.C. §§ 1332,
19          Plaintiffs,              1441, AND 1446; DECLARATION
                                         OF MELISSA S. INGALSBE IN
20      vs.                              SUPPORT THEREOF**

21  GMRI, INC. and DARDEN
    RESTAURANTS INC, dba Olive
22  Garden Restaurants and Does 1 through
    20, inclusive,
23
            Defendants.
24

25

26

27

28

1   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT

2   COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, PLAINTIFFS

3   ANNA JOHNSON AND LANDON BRINKMAN AND TO THEIR ATTORNEYS

4   OF RECORD, THE HINKLE LAW FIRM AND WILLIAM L. HINKLE:

5

6          PLEASE TAKE NOTICE that defendants GMRI, Inc. ("GMRI") and

7   Darden Restaurants, Inc. ("Darden") (collectively "Defendants"), hereby remove

8   this action from the Superior Court of the State California for the County of Kern to

9   the United States District Court for the Eastern District of California, pursuant to 28

10   U.S.C. Sections 1332 (as amended by the Class Action Fairness Act of 2005, Pub.

11   L. 109-2, § 4(a) ("CAFA")) and 1441(a) and (b), for the following reasons:

12

13        1.    On or about January 5, 2007, plaintiffs Anna Johnson and

14   Landon Brinkman ("Plaintiffs") filed their class action complaint in the Superior

15   Court of the State of California for the County of Kern entitled:  *"Anna Johnson*

16   *and Landon Brinkman, individually and on behalf of all others similarly situated,*

17   *Plaintiffs v. GMRI, Inc, and Darden Restaurants Inc., dba Olive Garden*

18   *Restaurants and Does 1 through 20, inclusive, Defendants,"* designated as Case No.

19   259861 (SPC) ("Complaint").  The Complaint alleges the following three purported

20   causes of action against GMRI and Darden:  (1) failure to pay split shift premiums

21   in violation of California Code of Regulations, Title 8, § 11050.4(C), (2) requiring

22   employees to pay for cash shortages in violation of California Code of Regulations,

23   Title 8, § 11050.8; and (3) unfair competition in violation of California Business

24   and Professions Code Section 17200.

25

26        2.    A copy of the Summons and Complaint was served on GMRI

27   and Darden by delivery to their agent for service of process on January 22, 2007.

28   *See* Declaration of Melissa Ingalsbe ¶ 3 ("Ingalsbe Decl."), Exhibit "A" attached

hereto, and Exhibit 1, thereto.  The Summons and Complaint, attached hereto as Exhibit "B," is the initial and only pleading that was served upon GMRI and Darden setting forth the claim for relief against Defendants upon which this action is based and may be removed.  Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. Section 1446(b).

3.      The Summons and Complaint, attached as Exhibit "B," as well as the notices and orders attached as Exhibit "C," constitute all process, pleadings and orders served on GMRI and Darden in this action pursuant to 28 U.S.C. Section 1446(a).

4.      In accordance with 28 U.S.C. Section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiffs' counsel and filed with the Clerk of the Kern County Superior Court.  True and correct copies of the form of such notices are attached hereto as Exhibits D and E.  Therefore, all procedural requirements under 28 U.S.C. Section 1446 have been satisfied.

5.      Venue is proper in this District pursuant to 28 U.S.C. Section 1441(a) because the Superior Court where the removed case was pending is located within this District.

## REMOVAL BASED ON DIVERSITY AND/OR CLASS ACTION FAIRNESS ACT OF 2005 (28 U.S.C. §§ 1332(a) and/or (d))

6.      The Complaint is pleaded as a putative class action by which Plaintiffs seek to represent all persons "who were employed by Defendant's

1   restaurants in California as servers and bartenders during the four years preceding

2   the date of this complaint . . . . ”  Complaint ¶ 8.

3

4        7.    Plaintiffs estimate that the class is between 1000 and 5000

5   individuals.  Complaint, ¶ 9.  Defendants estimate that there are now and there were

6   at any time during the liability period more than 3500 servers and bartenders

7   employed by GMRI at Olive Garden restaurants in California.  Ingalsbe Decl. ¶ 8.

8   Darden is the parent corporation of GMRI and is not the employer of any of the

9   putative class members.  Ingalsbe Decl. ¶ 2.

10

11        8.    GMRI and Darden may properly remove the Complaint on the

12   basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. Section 1332(a)

13   and/or 28 U.S.C. Section 1332(d)(2), because:

14

15             (a)    Plaintiffs are now, and were at the time this action was

16   commenced, citizens of the State of California within the meaning of 28 U.S.C.

17   Section 1332(a), because their place of residence and domicile is and was within

18   the State of California.   *See* Complaint ¶ 3, Ingalsbe Decl. ¶ 9;

19

20             (b)    GMRI is now, and was at the time this action was

21   commenced, a citizen of the State of Florida within the meaning of 28 U.S.C.

22   Section 1332(c)(1), because it is now and was at all material times incorporated

23   under the laws of the State of Florida, and maintains, and at all material times

24   maintained, its principal place of business in the State of Florida.  *See* Ingalsbe

25   Decl. ¶ 4.

26

27             (c)    Darden is now, and was at the time this action was

28   commenced, a citizen of the State of Florida within the meaning of 28 U.S.C.

1  Section 1332(c)(1), because it is now and was at all material times incorporated

2  under the laws of the State of Florida, and maintains, and at all material times

3  maintained, its principal place of business in the State of Florida. *See* Ingalsbe

4  Decl. ¶ 5;

5

6          (d)    The presence of doe defendants has no bearing on

7  diversity with respect to removal. *See* 28 U.S.C. § 1441(a) ("For purposes of

8  removal under this Chapter, the citizenship of defendants sued under a fictitious

9  name shall be disregarded.");

10

11          (e)    Without admitting that Plaintiffs and/or the purported

12  class could recover any damages, the amount in controversy in this action for which

13  Plaintiffs assert a four year liability period exceeds $5,000,000, exclusive of interest

14  and costs, on the following grounds:

15

16          (i)    Among other monetary relief, Plaintiffs seek

17  penalties pursuant to California Labor Code section 558, *et seq.,* in the amount of

18  $50 for each initial violation and $100 for each subsequent pay period violation for

19  each of the more than 3500 putative class members for *each year* of the alleged

20  liability period. Complaint, Prayer for Relief, ¶ 3. The amount of these alleged

21  penalties for *one year alone* exceeds five million dollars (3500 employees x $5,150

22  (1 pay period @ $50 and 51 pay periods @ $100) › $5,000,000). Ingalsbe Decl. ¶¶

23  6-8;

24

25          (ii)    In addition, Plaintiffs' Complaint seeks an

26  unspecified amount of compensatory damages, statutory penalties, attorneys' fees,

27  and punitive damages in connection with the causes of action set forth in their

28  Complaint. *See* Complaint ¶¶ 23, 48, 56, and Prayer for Relief. Plaintiffs' failure

1  to specify in their Complaint the amount of damages they seek does not deprive this

2  Court of jurisdiction. *See, e.g., White v. J.C. Penney Life Ins. Co.*, 861 F. Supp. 25,

3  26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court

4  notwithstanding the failure of plaintiff to plead a specific dollar amount in

5  controversy; if the rules were otherwise, "any plaintiff could avoid removal simply

6  by declining . . . to place a specific dollar value upon its claim."). Further, in

7  determining whether a complaint meets the amount in controversy threshold for a

8  removal under 28 U.S.C. § 1332(a), a court may consider the aggregate value of

9  claims for compensatory, punitive damages, statutory penalties and attorneys' fees.

10 *See, e.g., Bell v. Preferred Life Ass. Soc'y*, 320 U.S. 238, 240, 64 S. Ct. 5 (1943)

11 ("Where both actual and punitive damages are recoverable under a complaint, each

12 must be considered to the extent claimed in determining jurisdictional amount")

13 (footnote omitted); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367 (9th Cir.),

14 *cert. denied*, 459 U.S. 945 (1982) (attorneys' fees may be taken into account to

15 determine jurisdictional amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.

16 2d 1004, 1009 (N.D. Cal. 2002) (penalties under California's Song-Beverly

17 Consumer Warranty Act may be counted in determining the amount in

18 controversy); *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.

19 1975) ("It is settled that the statutory penalty and a statutory attorney's fee can be

20 considered in determining whether the jurisdictional amount is met.").

21

22         9.       The Court may not decline to exercise jurisdiction over the

23 action pursuant to 28 U.S.C. §§ 1332(d)(3), because neither GMRI nor Darden is a

24 citizen of the state in which the action was filed. Ingalsbe Decl. ¶¶ 4-5.

25

26

27

28

1          WHEREFORE, GMRI and Darden remove the above-entitled action

2 now pending in the Superior Court of the State of California for the County of Kern

3 to this Court.

4

5 Dated: February 21, 2007     PAUL, HASTINGS, JANOFSKY & WALKER LLP

6

7                       By:_____/s/ Stephen L. Berry, Esq._____
                                    STEPHEN L. BERRY

8                     Attorneys for Defendants
                    GMRI, INC. and DARDEN RESTAURANTS, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "A"

1

## DECLARATION OF MELISSA S. INGALSBE

2

3        I, Melissa S. Ingalsbe, declare:

4

5        1.      I currently am the Director, Dispute Resolution, for Darden

6   Restaurants, Inc. ("Darden").  Darden is the parent corporation of its wholly owned

7   subsidiary, GMRI, Inc. ("GMRI"), which does business under the trade name of

8   Olive Garden.  I have personal knowledge of the facts stated in this declaration, and

9   if called upon to do so, I could and would competently testify to them.  I submit this

10  declaration is support of GMRI's and Darden's Notice of Removal of Civil Action.

11

12       2.      The personnel records of GMRI establish that (a) GMRI was the

13  employer of the named plaintiffs Anna Johnson and Landon Brinkman

14  ("Plaintiffs"), and currently employs the servers and bartenders who work in Olive

15  Garden restaurants in California; and (b) Darden never employed Plaintiffs or any

16  other servers or bartenders who work in Olive Garden restaurants in California.

17

18       3.      GMRI and Darden were first served with a copy of the

19  Complaint in this action by delivery of the Complaint to their agent for service of

20  process on January 22, 2007.  A true and correct copy of the service of process

21  notice to GMRI and Darden from their agent for service of process is attached

22  hereto as Exhibit 1.  A true and correct copy of the Complaint served on GMRI and

23  Darden in this action is attached to the Notice of Removal as Exhibit "B."  The

24  Complaint is the initial and only pleading served on GMRI and Darden in

25  connection with this action.

26

27

28

1        4.    GMRI is now and was at all material times incorporated under

2    the laws of the State of Florida.  GMRI maintains and at all material times has

3    maintained its principal place of business in the State of Florida.

4

5        5.    Darden is now and was at all material times incorporated under

6    the laws of the State of Florida.  Darden maintains and at all material times has

7    maintained its principal place of business in the State of Florida.

8

9        6.    GMRI records establish that (a) during the one-year period from

10   January 1, 2005 through December 31, 2005, GMRI owned and operated

11   approximately 56 Olive Garden restaurants in California; (b) during the same one-

12   year period, each Olive Garden restaurant employed an approximate average of 63

13   servers and bartenders; and (c) as a result, the  number of servers and bartenders

14   employed during the one-year period from January 1, 2005 through December 31,

15   2005 can be reasonably estimated to include more than 3500 GMRI employees.

16       7.    GMRI records establish that (a) during the calendar years 2004

17   and 2006, GMRI owned and operated approximately 56 Olive Garden restaurants in

18   California; (b) in the calendar year 2003, GMRI owned and operated approximately

19   55 Olive Garden restaurants in California; and (c) during the calendar years 2003

20   through 2004 and 2006, the average number of servers and bartenders at these

21   restaurants was not substantially different than those employed by GMRI in 2005.

22

23       8.    During all relevant timeframes, GMRI paid servers and

24   bartenders weekly, based on a seven-day pay period.

25

26       9.    The personnel records of GMRI indicate that Plaintiffs Anna

27   Johnson and Landon Brinkman are now and were at all materials times residents of

28   California.

1         I declare under penalty of perjury of the laws of the State of California

2 and the United States of America that the foregoing is true and correct.

3

4         Executed on February 20, 2007, at Orlando, Florida.

5

6

7

8                           MELISSA S. INGALSBE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1" TO
# DECL. OF MELISSA S. INGALSBE

# Corporate Creations®

Registered Agent • Director • Incorporation Services
11380 Prosperity Farms Road #221E
Palm Beach Gardens Fl. 33410

Tel  (561) 694-8107 ·
Fax (561) 694-1639
January 23, 2007

GMRI, Inc.

Jeannine  Wysokowski  Executive Secretary
Darden Restaurants, Inc.
5900 Lake Ellenor Drive
ORLANDO  FL  32809

# SERVICE OF PROCESS NOTICE

The following is a summary of the enclosed legal document(s) that we received on behalf of the entity named below.

| | | |
|---|---|---|
| 1. | Entity Served: | GMRI, Inc. |
| 2. | Title of Action: | Anna Johnson, et al v. GMRI, Inc., et al |
| 3. | Document(s) Served: | Summons and Complaint |
| 4. | Court/Agency: | Kern County Superior Court |
| 5. | State Served: | California |
| 6. | Case Number: | 259861SPC |
| 7. | Lawsuit Type: | Violation |
| 8. | Amount Claimed: | ALERT: See enclosed document for specific amount. |
| 9. | Method of Service: | Hand Delivered |
| 10. | Date Received: | 1/22/2007 |
| 11. | Date to Client: | 1/23/2007 |
| 12. | # Days When Answer Due:  30<br>Answer Due Date:  02/21/07 | CAUTION: Client is solely responsible for reviewing service of process to verify accuracy of Answer Due Date. |
| 13. | Plaintiff's Attorney:<br>(Name, City and Phone Number) | The Hinkle Law Firm<br>Oxnard, California<br>805–650–9873 |
| 14. | Call Made To:<br>(Name and Phone Number) | Emailed client. HF<br><br>HF |
| 15. | Shipped By: | FedEx Saver (non-Garnishments only) and Email with PDF Link |
| 16. | Tracking Number: | 857477568139 |
| 17. | Notes: | |

THIS NOTICE IS PROVIDED FOR GENERAL INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED A LEGAL OPINION. IT IS YOUR RESPONSIBILITY TO REVIEW THE DOCUMENT(S) FORWARDED AND TO CONTACT YOUR LAWYER TO TAKE APPROPRIATE ACTION. REGISTERED AGENT SERVICES ARE PROVIDED BY CORPORATE CREATIONS NETWORK INC.

# EXHIBIT "B"

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GMRI, INC. and DARDEN RESTAURANT'S INC.. dba Olive Garden
Restaurants and Does 1 through 20, inclusive


**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANNA JOHNSON and LANDON BRINKMAN, individually and on
behalf of all others similarly situated

</td><td>

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT METROPOLITAN DIVISION

JAN 0 5 2007

TERRY McNALLY, CLERK
BY _____ , DEPUTY

</td></tr>
</table>

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca.  Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas.  Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente.  Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro.  Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Kern County Superior Court
1415 Truxtun Avenue
Bakersfield. CA 93301

</td><td>

CASE NUMBER
*(Número del Caso)*
259861 SPC

</td></tr>
</table>

The name. address, and telephone number of plaintiff's attorney, or plaintiff without an attorney. is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante. o del demandante que no tiene abogado. es):*
The Hinkle Law Firm.
3600 S. Harbor Blvd. #147. Oxnard. CA 93035          (805) 650-9873

| DATE:<br>*(Fecha)* | JAN 0 5 2007 | **TERRY McNALLY** | Clerk. by<br>*(Secretario)* | **A. SALYARDS** | . Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**  1-22 07
1. ☒ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* GMRI, INC. and DARDEN RESTAURANTS, INC.

    under: ☑ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc.  www.USCourtForms.com

THE HINKLE LAW FIRM
  William L. Hinkle, SBN 48013
3600 S. Harbor Blvd., #147
Oxnard, CA 93035
Telephone: (805) 650-9873
Facsimile: (805) 650-9837

Attorney for Plaintiffs,
Anna Johnson and Landon Brinkman,
on behalf of themselves and others
similarly situated

FILED
SUPERIOR COURT METROPOLITAN DIVISION

JAN 0 5 2007

TERRY McNALLY, CLERK
BY _____ DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF KERN, METROPOLITAN DIVISION

## UNLIMITED CIVIL [COMPLEX]

| | |
|---|---|
| ANNA JOHNSON and LANDON BRINKMAN, individually and on behalf of all others similarly situated, | Case No.  259861 SPC<br>Assigned to the Honorable |
| Plaintiffs, | CLASS ACTION COMPLAINT |
| vs. | 1. Failure to Pay Split Shift Premiums<br>2. Requiring Employees to Pay for Cash Shortages |
| GMRI, INC. and DARDEN RESTAURANT'S INC., dba Olive Garden Restaurants and Does 1 through 20, inclusive. | 3. Violations of B&P Code § 17200. Unfair Competition Law |
| Defendants. | |

Now come Plaintiffs, Anna Johnson and Landon Brinkman, who allege the following:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court arises under Code of Civil Procedure section 410.10.

2. Venue is proper in this Court because Defendants, GMRI, INC. ("GMRI") and DARDEN RESTAURANT'S INC. ("Darden") doing business as Olive Garden Restaurants conduct substantial business within this county at the Olive Garden Restaurant located at 1701 New Stein Road, Bakersfield, Ca. 93309 ("Bakersfield Olive Garden"). Defendants advertise in

1

CLASS ACTION COMPLAINT

1   this county. a substantial part of the events and conduct giving rise to the violations of law

2   complained of herein occurred in or emanated from this county. and because Plaintiffs, Anna

3   Johnson ("Johnson") and Landon Brinkman ("Brinkman") were injured by Defendants' actions

4   in this county.

### THE PARTIES

6       3. Plaintiffs were residents of the County of Kern. State of California and employed at the

7   Bakersfield Olive Garden at the time they sustained the injuries as a result of Defendants'

8   practices complained of herein. Plaintiffs bring this action on behalf of themselves and all others

9   similarly situated.

10      4. Darden is a corporation with its principal executive offices in Orlando. Florida.

11  Plaintiffs are informed and believe and upon such information and belief state that GMRI is a

12  corporation, wholly owned by Darden, and doing business in the State of California as Olive

13  Garden Restaurants.  Plaintiffs are also informed and believe and upon such information and

14  belief state that Does 1 through 20 are doing business in the State of California alone or in

15  concert with Darden and GMRI as Olive Garden Restaurants.

16      5. The true names and capacities of Defendant Does One through Twenty are unknown to

17  Plaintiffs. Plaintiffs will seek leave to amend this Complaint to allege such names and capacities

18  as soon as they are ascertained.

19      6. The above defendants are collectively referred to as "Defendant."

20      7. At all times mentioned herein the actions of Defendant were carried out and ratified by

21  and through their agents. employees. officers and/or directors while acting in their official

22  capacities for Defendant.

### CLASS ACTION ALLEGATIONS

24      8. Johnson was employed by Defendant at the Bakersfield Olive Garden from

25  approximately March 2004. through May 2006.  During her employment Johnson worked as a

26  food server. Brinkman was employed by Defendant at the Bakersfield Olive Garden from

27                                              2

1  approximately October 2005 to April 11, 2006. Brinkman was employed as a server. Plaintiffs

2  bring this action on behalf of themselves and all others who were employed by Defendant's

3  restaurants in California as servers and bartenders during the four years preceding the date of this

4  complaint ("Class Period").

5        9. **Numerosity of Class** - California Code of Civil Procedure ("CCP") §382: California

6  Civil Code ("CC") §1781(b)(1): The class is so numerous that individual joinder herein is

7  impracticable but Plaintiffs estimate that the class is between 1000 and 5,000 individuals. The

8  precise number of Class members and their addresses are unknown to Plaintiffs but is well

9  known to Defendant. Class members may be notified of the pendency of this action by mail,

10  supplemented (if deemed necessary or appropriate by the Court) by published notice.

11        10. **Existence and Predominance of Common Questions of Fact and Law** - CCP

12  §382: CC §1781(b)(2): Common Questions of law and fact exist as to all members of the Class.

13  These questions predominate over the questions affecting only individual Class members.

14  Common legal and factual questions include:

15             a. Whether Defendant paid Plaintiffs and class members a bonus hour as is

16  mandated by California Code of Regulations, Title 8, § 11050.4(C) ["CCR 11050.4(C)] when

17  they were required to work a split shift during a work day.

18             b. Whether Defendant caused Plaintiffs and Class members to pay for cash

19  shortages and walkouts as is proscribed by California Code of Regulations, Title 8, § 11050.8

20  ("CCR 11050.8").

21        11. **Typicality** - CC §1781(b)(3): Plaintiffs' claims are typical of the claims of the

22  members of each class because it is Defendant's corporate policy in California to (1) not pay split

23  shift premiums to its servers and bartenders and (2) to require all servers and bartenders ("cash

24  handling employees") to be responsible to Defendant for the cash receipts said employees are

25  responsible for generating regardless of whether there are any cash shortages.

26        12. **Adequacy** - CC §1781(b)(4): Plaintiffs are adequate representatives of the Class

27                                          3

28                              CLASS ACTION COMPLAINT

1  because their interests do not conflict with the interests of the members of the Class. they have

2  retained counsel competent and experienced in this complex litigation and they intend to

3  prosecute this action vigorously. The interest of members of the Class will be fairly and

4  adequately protected by Plaintiffs and their counsel.

5      13. **Superiority** - CCP § 382: The class action is superior to other available means for the

6  fair and efficient adjudication of the claims of Plaintiffs and members of the Class. Although the

7  damages suffered by each individual Class member may be small. the burden of expenses of each

8  individual prosecution of the complex and extensive litigation necessitated by Defendant's

9  conduct would be large. Further. it would be virtually impossible for the members of the Class

10  individually to redress effectively the wrongs done to them. Even if the members of the Class

11  could each afford such individual litigation. the court system could not. Individualized litigation

12  increases the delay and expenses to all parties, and to the court system. presented by the complex

13  legal and factual issues of this case. By contrast. the class action device presents far fewer

14  management difficulties. and provides the benefits of single adjudication. economy of scale, and

15  comprehensive supervision by a single court.

16                           **FACTUAL ALLEGATIONS**

17      14. Defendant is in the restaurant business nationally.  Defendant operates numerous

18  Olive Garden restaurants in California including the Bakersfield Olive Garden.

19      15. Plaintiffs and Class members were cash handling employees of Defendant during

20  some or all of the four years immediately preceding the filing of the complaint in this action.

21      16. Plaintiffs and each Class member was assigned a schedule by Defendant which set

22  forth the time that each employee was to commence work (hereinafter a "shift"). Each shift had a

23  start time but usually not a finish time. Plaintiffs and many servers and bartenders were required

24  to work multiple or split-shifts each day.

25      17. Plaintiffs and all Class members are/were cash handlers. As cash handlers they were

26  responsible for billing the customers for the food and drinks provided on behalf of Defendant at

27                                    4

28  ————————————————————————————————————————————

1   the end of the customer's dining experience. After receiving payment from the customer, each

2   employee was responsible to Defendant for payment for all of the drinks and/or food sold by that

3   server/bartender during the shift.

## FIRST CAUSE OF ACTION

## FAILURE TO PAY SPLIT SHIFT PREMIUMS

6       18. Plaintiffs incorporate by reference as if fully set forth herein, the allegations of

7   paragraphs 1 through 17.

8       19. CCR §11050.4(C) sets forth the rights of employees in the food service industry to

9   receive compensation, in an amount equal to an hour's pay, if they are required to work more

10  than one shift during the work day. Plaintiffs and Class member were routinely required to work

11  second shifts ("split shifts") during the work day and were never compensated with an additional

12  hour of pay for that work day.

13      20. Johnson worked numerous split shifts but  has no records setting forth the actual

14  number of times.  She estimates that she worked move than sixty (60) split shifts for which she

15  was not compensated.

16      21. Brinkman worked numerous split shifts but  has no records setting forth the actual

17  number of times.  He estimates that he worked move than thirty (30) split shifts for which he was

18  not compensated.

19      22. Plaintiffs and each Class member is informed and believe and upon such information

20  and belief state that Defendant has accurate records showing exactly how much Plaintiffs and

21  each Class member is owed for split shift premiums.  Plaintiff and each Class member will ask

22  leave of court to amend this complaint when they discover the exact amount of money they are

23  owed by Defendant.

24      23. Plaintiffs and each Class member will request that the court award reasonable

25  attorney fees and costs incurred in conjunction with the prosecution of the claims set forth in the

26  First Cause of Action.

27                5

28  CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

## REQUIRING PAYMENT FOR CASH SHORTAGES

30. Plaintiffs incorporate by reference as if fully set forth herein, the allegations of paragraphs 1 through 17 above.

31. CCR § 11050.8 provides in pertinent part: "No employer shall ... require any reimbursement from an employee for any cash shortage ... unless it can be shown that the shortage ... is caused by a dishonest or willful act, or by the gross negligence of the employee."

32. Defendant uses, and at all times relevant herein used, a cash handling system known in the restaurant business as "Server Banking". Under Defendant's Server Banking system, each server and bartender is required to pay to the restaurant an amount equal to the total of all of the sales of food and drinks he or she served to guests during the server or bartender's shift. Defendant utilizes a point of sale ("POS") computer system which tracks all of the food and drink sales made by each server and bartender. At the end of the server/bartender's shift, the server/bartender is responsible to pay to the restaurant, in credit card receipts, cash and other tender recognized by Defendant, the total of the bills for the meals, drinks and services provided by that server/bartender for the shift according to the printout provided by the POS system.   In the event the server/bartender has suffered a loss of money, credit card receipts or other tender recognized by Defendant, prior to the close of that server/bartender's shift, according to corporate policy, the server/bartender is responsible to make up that shortage even if the loss was not as a result of willful misconduct or gross negligence on the part of the server/bartender.

33. Also, under server banking, if a customer leaves after receiving the restaurant's service and doesn't pay (hereinafter "a walkout"), it is Defendant's corporate policy to inform the server/bartender that the server/bartender has to pay for the walkout or that server/bartender will be written up and if it happens again that server/bartender will be terminated.

34. From the inception of server banking, it was the corporate policy of defendant to require all shortages in the restaurants to be made up by the servers and bartenders. Defendant's

6

1   restaurants are, and at all times herein mentioned were. open 363 days per year.

2       35. For the four years immediately preceding the filing of this complaint Defendant and

3   Does 1 through 20. through their corporate managers. knew that such policy was unlawful and a

4   violation of CCR §11050(8). The representations were made with the intention to induce

5   Plaintiff and class members to act in reliance on those representations in the manner hereafter

6   alleged. or with the expectation that the employees would so act.

7       36. In addition to the direct action of telling employees that they could be terminated if

8   they reported cash shortages. Defendants. through their managers and agents. caused the

9   employees the make up cash shortages by virtue of trick and device.

10       37. The tricks and devices used by Defendant are the cash pouch ("pouch") and bar

11   drawer. The bartenders are responsible for balancing out the bar drawer at the end of the shift.

12   Any shortages are to be made up out of the bartender's personal money i.e.. tips or money on

13   their person. Servers. on the other hand. are required to carry an unsecure pouch in which the

14   servers keep their tips commingled with the restaurant's money and receipts. At the end of the

15   server's shift. each server is responsible to Defendant for the total of the food and drinks sold to

16   the public by the server. If the server has a shortage, the server is usually never aware that the

17   shortage exists. The server simply pays the restaurant the total of the food and drinks sold and

18   what is left over. the server keeps as his/her tips.

19       38. Although the servers and bartenders are sometimes unaware of the shortages.

20   Defendant well knows that. on a corporate level. servers and bartenders are knowingly and

21   unknowingly making up millions of dollars on a yearly basis. Prior to initiating server banking.

22   Defendant through its corporate executives and managers conducted extensive research on the

23   pros and cons of replacing its cashier system (cashiers are responsible for the corporate monies)

24   and substituting in its place. the server banking system. A primary motivating factor in

25   Defendant's decision to adopt server banking was that it would shift loses of millions of dollars

26   that the corporation had been sustaining annually from cash shortages including walkouts. from

27       7

28       CLASS ACTION COMPLAINT

the corporation to the cash handling employees, including but not limited to Plaintiffs and Class.

39. Plaintiffs and other Class members, at the times they were told by Defendant's agents that they had to pay for the restaurant's shortages, were ignorant of the falsity of defendant's representations and believed them to be true. In reliance on the representations, Plaintiffs and other server/bartenders were induced to and did take money out of their own pockets to make up shortages.  Plaintiffs and other server/bartenders reliance on Defendant's representations were justified because of Defendant's dominate position in the employer/employee relationship. Plaintiffs and Class members usually didn't realize that they were making up Defendant's shortages. The cash handling employees only knew that it was corporate policy that they had to match the cash due or face the consequences of possibly being fired for being short.

40. The aforementioned conduct of Defendant was an intentional misrepresentation, deceit or concealment of a material fact known to the defendants with the intention on the part of the defendants of thereby depriving Plaintiffs and Class members of property or legal rights or otherwise causing injury.

41. Defendant initiated the policies set forth above with the expectation that the losses normally  sustained by the corporation would be shifted to and thereafter borne by the employees in order to keep their jobs.

42. Defendant also knew that many of the servers and bartenders were single parents depending on their incomes to support their families. These class members were particularly vulnerable to Defendants' despicable conduct. Defendant's policies as set forth herein were designed to take advantage of the vulnerability of Plaintiffs and class members to increase corporate profits.

43. As a proximate result of the malicious and oppressive conduct of Defendant as herein alleged, Plaintiffs and class members reacted as anticipated by Defendants and contributed sums presently unknown to Plaintiffs and the class members.

44. Johnson has no records setting forth the actual amount of money owed by Defendant

8

CLASS ACTION COMPLAINT

to her during the approximately two years and two months that she was employed in California but she estimates that she had to pay more than $2000 for cash shortages and walkouts which were not the result of any dishonest or willful act or by her gross negligence. The more than $2000 Johnson estimates she had to pay for cash shortages includes seven walkouts. One such shortage occurred in late March or early April, 2004. Johnson was working the lunch shift. She served several customers at a table who left without paying their bill. Johnson went to the manager who she believes to have been either Corine or Patty and told that person about the walkout. The manager told Johnson that if the customer does not pay, it is her (Johnson's) fault. The manager gave Johnson a written notice that if a further walkout occurred, she would be fired.

45. Brinkman has no records setting forth the actual amount of money owed by Defendant to him during the approximately six months he was employed in California but he estimates that he had to pay more than $450 for cash shortages and walkouts which were not the result of any dishonest or willful act or by his gross negligence. Of the $450 that Brinkman had to pay, he had at least four shortages that he had to pay or receive a written warning that further shortages could result in his being fired.

46. Plaintiffs and each Class member is informed and believes and upon such information and belief state that Defendant has and all times had the means to keep accurate records showing exactly how much Plaintiffs and each Class member is owed for being required to pay for cash shortages. Plaintiffs and each Class member will ask leave of court to amend this complaint when they discover the exact amount of money they are owed by Defendant.

47. In promulgating, acquiescing and ratifying the policies and actions set forth above, Defendant well knew that it was violating CCR §11050(8), but did so to increase corporate profits. Such conduct is a criminal offense under Labor Code §1199.

48. The aforementioned conduct of Defendants was fraudulent, malicious, despicable and oppressive because it took advantage of the power an employer has over its employees who must yield to the employer's demands in order to keep their jobs. Defendant's conduct subjected

9

1 | Plaintiffs and class members to cruel and unjust hardship in conscious disregard of their rights,
2 | so as to justify an award of punitive damages.

3 | ### THIRD CAUSE OF ACTION
4 | ### UNFAIR COMPETITION PURSUANT TO BUSINESS
5 | ### AND PROFESSIONS CODE §17200

6 | 55. Plaintiffs incorporates by reference. as if fully set forth herein. the allegations of
7 | paragraphs 1 through 54.

8 | 56. This is a representative Private Attorney General Action and Class Action for Unfair
9 | Business Practices. Johnson and Brinkman on their own behalf and on behalf of the general
10 | public, and on behalf of others similarly situated, brings this claim pursuant to Business &
11 | Professions Code §17200. et seq.. The conduct of all defendants as alleged in this Complaint has
12 | been and continues to be unfair. unlawful, and harmful to Plaintiff. the general public. and the
13 | Plaintiff class. Plaintiffs seeks to enforce important rights affecting the public interest within the
14 | meaning of Code of Civil Procedure §1021.5.

15 | 57. Plaintiffs are "persons" within the meaning of Business & Professions Code §17204.
16 | and therefore has standing to bring this cause of action for injunctive relief. restitution. and other
17 | appropriate equitable relief.

18 | 58. Business & Professions Code §17200. et seq. prohibits unlawful and unfair business
19 | practices.

20 | 59. Wage and hour laws express fundamental public policies. The prompt payment of
21 | overtime pay and other legally required wages and benefits is a fundamental public policy of this
22 | State and of the United States. Labor Code §90.5(a) articulates the public policies of this State to
23 | enforce vigorously minimum labor standards. to ensure that employees are not required or
24 | permitted to work under substandard and unlawful conditions. and to protect law-abiding
25 | employers and their employees from competitors who lower their costs by failing to comply with
26 | minimum labor standards.

27 |
28 |

10

60. Defendant has violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code §17200, et seq. depriving Plaintiffs, and all persons similarly situated, and all interested persons of rights, benefits, and privileges guaranteed to all employees under law.

61. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 of the Business & Professions Code.

62. Defendants, by engaging in the conduct herein alleged, either knew or, in the exercise of reasonable care, should have known that the conduct was unlawful. As such, it is a violation of §17200 of the Business & Professions Code.

63. Unless restrained by this Court, Defendants will continue to engage in the unlawful conduct as alleged above. Pursuant to Business & Professions Code this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, their agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or including but not limited to, disgorgement of profits which may be necessary to restore Plaintiff and the Class members to the financial place they would have been but for Defendant's conduct as set forth herein .

### DEMAND FOR JURY TRIAL

64. Plaintiffs demand a jury trial.

WHEREFORE, Plaintiff and Class members pray for the following relief:

1. For compensatory damages for not receiving compensation after having worked split shifts.

2. For penalties pursuant to LC §203 for Plaintiff and all Class members whose employment was terminated prior to the filing of this complaint.

3. For civil penalties pursuant to LC §558 of $50 for each initial violation and $100 for

11

1    each subsequent violation for each pay period that Defendant violated Plaintiffs and Class

2    members rights pursuant to CCR 11050.8 and CCR 11050.4(C).

3       4. For compensatory damages for requiring payment for cash shortages in violation of

4    CCR, tit. 8 §11050(8).

5       5. For punitive damages for fraud, malice and oppression pursuant to CC §3294.

6       6. An award of attorney fees.

7       7. An award of costs of suit.

8       8. An injunctive order prohibiting Defendant from continuing to use server banking or

9    any other cash handling device that causes or is likely to cause employees to pay for Defendant's

10   losses due to cash shortages or walkouts.

11       9. Such other and further relief as this Court may deem just and proper.

12   Dated _1/5/07_

13

14                           The Hinkle Law Firm

15

16                     By _____

17                         William L. Hinkle
                          Attorney for Plaintiffs

18

19

20

21

22

23

24

25

26

27                          12

28                   CLASS ACTION COMPLAINT

# EXHIBIT "C"

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| The Hinkle Law Firm<br>William L. Hinkle, SBN 048013<br>3600 S. Harbor Blvd., #147<br>Oxnard, CA 93035<br>TELEPHONE NO: (805) 650-9873    FAX NO: (805) 650-9837<br>ATTORNEY FOR (Name): Anna Johnson and Landon Brinkman | **ENDORSED**<br>SUPERIOR COURT, METROPOLITAN DIVISION<br>COUNTY OF KERN<br><br>**JAN 0 5 2007**<br><br>TERRY McNALLY, CLERK<br>BY _____ DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Kern**
STREET ADDRESS: 1415 Truxtun Avenue
MAILING ADDRESS:
CITY AND ZIP CODE: Bakersfield, CA 93301
BRANCH NAME: Metropolitan Division

CASE NAME:
Anna Johnson and Landon Brinkman v. GMRI, Inc. and Darden

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **259861 SPC**<br>JUDGE:<br>DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☑ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☑ punitive

4. Number of causes of action (specify):

5. This case ☑ is ☐ is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 1/5/07
William L. Hinkle
(TYPE OR PRINT NAME)    ▶ _____ (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a complex case, this cover sheet will be used for statistical purposes only. Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. January 1, 2007] | **CIVIL CASE COVER SHEET** | American LegalNet, Inc.<br>www.FormsWorkflow.com | Cal. Rules of Court, rules 3.220, 3.400–3.403;<br>Standards of Judicial Administration, § 19<br>www.courtinfo.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers**

If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 5 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Complex Cases**

In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late Claim
    Other Civil Petition

## SUPERIOR COURT OF CALIFORNIA

**1415 TRUXTUN AVENUE, BAKERSFIELD, CA 93301**

**PLAINTIFF**
ANNA JOHNSON

**DEFENDANT**
GMRI INC.

ENDORSED

**FILED**
SUPERIOR COURT, METROPOLITAN DIVISION
COUNTY OF KERN

**JAN 1 0 2007**

TERRY McNALLY, CLERK
BY_____DEPUTY

**CASE NUMBER: S-1500-CV-259861, SPC**

### NOTICE OF ASSIGNMENT TO JUDGE FOR ALL PURPOSES AND
### NOTICE OF CASE MANAGEMENT CONFERENCE

BY ORDER OF THE PRESIDING JUDGE, THE ABOVE ENTITLED CASE IS ASSIGNED TO THE HONORABLE <u>SIDNEY P CHAPIN</u> FOR ALL PURPOSES. IT WILL BE MANAGED ON THE DIRECT CALENDAR PROGRAM IN <u>DEPARTMENT 4</u> UNTIL ITS CONCLUSION. PEREMPTORY CHALLENGES, IF ANY, MUST BE MADE WITHIN THE TIMES SET OUT IN CCP SECTION 170.6. PLEASE INCLUDE THE INITIALS "SPC" AFTER THE CASE NUMBER ON ALL FUTURE PLEADINGS FILED IN THIS CASE.

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY IN THIS ACTION:

THIS CASE IS SET FOR CASE MANAGEMENT CONFERENCE, BY THE HONORABLE <u>SIDNEY P CHAPIN</u> ON <u>July 5, 2007</u> AT <u>9:00 AM</u> IN DEPARTMENT <u>4</u> OF THIS COURT. <u>CASE MANAGEMENT STATEMENTS ARE TO BE FILED AT LEAST 15 DAYS PRIOR TO THE CONFERENCE IN ACCORDANCE WITH CRC Rule 212(g). ALL PARTIES SHALL COMPLY WITH CRC Rule 212(f).</u>

<u>APPEARANCE BY THE ATTORNEY RESPONSIBLE FOR THE TRIAL OF THIS ACTION IS MANDATORY.</u>

#### NOTICE TO PLAINTIFF'S COUNSEL

**IMPORTANT:** You are required to serve this Notice of Assignment and Case Management Conference date with the service of the Summons, Complaint (Local Rule 3.8 (a)), ADR Information Packet, Civil Mediation Information Brochure, and ADR Stipulation and Order Form. [(CRC, Rule 201.9 (c)]

#### NOTICE TO CROSS COMPLAINANT'S COUNSEL

**IMPORTANT:** If you are bringing a cross complaint against new parties, you are, likewise, required to serve this Notice of Assignment and Case Management Conference date on the new cross defendants.

TERRY McNALLY
Clerk of the Superior Court

DATE: Wednesday, January 10, 2007

By ____**A. SALYARDS**____ Deputy
ANGELA D SALYARDS

The Clerk of the Superior Court's office has received a civil complaint from you for filing.  Pursuant to the Trial Court Delay Reduction Act, your case has been assigned to the Honorable SIDNEY P CHAPIN as monitoring judge.

SIDNEY P CHAPIN has instituted a direct calendaring system for all cases assigned to him as the monitoring judge.

All Law & Motion, Case Management & Trial Setting Conferences, Ex Parte matters & Trials will be scheduled before him in Department 4.  This will involve all cases in which the clerk has assigned the initials "SPC" to the complaint at the time of filing.  Counsel are expected to make the initials of the monitoring judge a part of the case number on all pleadings & papers.

Judge SIDNEY P CHAPIN expects that all Law & Motion hearings to be heard by him to be set within five (5) days of the earliest date they may be heard, given mail notice of hearing.  LAW & MOTION MATTERS DO NOT HAVE TO BE PRE-CLEARED.  You may calendar motions as scheduled below.  EX PARTE MATTERS REQUIRE PRE-CLEARANCE.

At the time of filing the complaint, plaintiff's counsel will be given a Notice of Case Management Conference which sets a conference approximately 180 days after filing of the complaint.  This notice must be served with the summons & complaint on all defendants.  Defendants must serve the notice on all cross-defendants named.  The notice must also be served on intervenors & lien claimants.

Telephonic appearances for Case Management Conferences and Law and Motion hearings are available through Court Call.  Toll Free:  (888) 88-COURT.  Proper procedures must be complied with under CRC 298.  Arrangements to make appearances through Court Call must be made at least five (5) court days prior to date for hearing.

Another judge will hear settlement conferences in cases assigned to Judge SIDNEY P CHAPIN.  However, those cases that do not settle will be set for trial before him.

To confirm any hearing on calendar, for general questions regarding cases assigned to Judge SIDNEY P CHAPIN, or to pre-clear an Ex-Parte hearing, contact:  Direct Calendaring Clerk @ (661) 868-5404.  To check on tentative rulings from Judge Wallace or Judge Chapin, go to website address "www.co.kern.ca.us/courts/tentative_rulings.asp" after 3:30PM; Judge Etcheverry does not offer tentative rulings.

THE DEPARTMENT 4 CALENDAR WILL BE:

| | | |
|---|---|---|
| CASE MANAGEMENT/TRIAL SETTING CONFERENCES | | 8:00AM    DAILY |
| LAW & MOTION/DEFAULT/OSC HEARINGS | 8:30AM | DAILY |
| MOTIONS FOR SUMMARY JUDGEMENT | 8:30AM | MON-THURS |
| TRIALS | 9:00AM-4:30PM | MON-THURS |
| SETTLEMENT CONFERENCES | 9:00AM-12:00PM | FRIDAYS |
| FINAL CASE MANAGEMENT CONFERENCES | 1:00PM-4:30PM | FRIDAYS |
| EX-PARTE | 8:30AM | MON-THURS |

TERRY McNALLY,


Clerk of Superior Court

## SUPERIOR COURT OF CALIFORNIA

### COUNTY OF KERN

## SPECIAL RULES RELATING TO CASE MANAGEMENT CONFERENCES

At least fifteen (15) days prior to the Case Management Conference, each party shall prepare, file, and serve on each other party a Case Management Statement in accordance with California Rules of Court, Rule 212(g).  All parties shall comply with California Rules of Court, Rule 212(f).

More than one party may join in the filing of a single report (see California Rules of Court, Rule 212(g)(2)).

The Case Management Conference shall be attended by the attorney primarily responsible for the case on behalf of each party or a member of his or her firm or counsel formally associated in the case.  The attorney attending shall be thoroughly familiar with the case, and be able to engage in meaningful discussions with court and counsel, and to enter into agreements on behalf of his or her client on all subjects set forth in California Rules of Court, Rule 212(i).

Any violation of these rules shall result in the imposition of sanctions which may include monetary, issue, termination, or other appropriate sanctions (see California Rules of Court, Rule 227).



# SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN

## Information About Alternative Dispute Resolution

Civil mediation is a voluntary method of dispute resolution, which may enable you to settle a civil disagreement without a court trial. Mediation is a cooperative process in which parties work together to find a solution instead of working against each other. Mediation normally leads to better relations between the parties and to resolutions that hold up.

Mediation is very effective when the parties have a continuing relationship, like neighbors or business partners. Mediation also works well when emotions are getting in the way of a resolution. This is because mediation normally gives the parties a chance to vent their feelings and view the dispute from all perspectives. Mediation may not be a good idea when one party won't discuss a resolution or when one party is in a weaker bargaining position.

*Is any civil case eligible for mediation?* Kern County Superior Court supports civil mediation as a method to reduce court resources and expense to litigants. In Kern County, civil mediation is available for cases valued over $5000. Mediation is not offered for small claims cases at this time.

(Note: Civil mediation should not be confused with another type of mediation – mandatory court mediation to resolve child custody and visitation disputes. This type of mandatory mediation is addressed in the pamphlet entitled "Family Court Services.")

*Am I required to participate in mediation?* No. Civil mediation is an entirely voluntary process. Judicial officers may suggest civil mediation as a faster and less costly method to resolve a dispute. However, they will not require civil mediation. You may also terminate mediation in process if you are not comfortable with this method of dispute resolution.

*What is a mediator?* A mediator is a qualified neutral person, often an attorney, who may also be an expert in a specialized field, such as real estate or construction.

*What does a mediator do?* The mediator facilitates the process, but you and the other parties in the case make your own decisions about a resolution. The mediator improves communication between the parties, helps to clarify facts, identifies legal issues, explores options and helps you to arrive at a mutually acceptable resolution.

*How can I locate a qualified mediator?* Kern County Superior Court maintains listing of mediators who have complied with the court's requirements, which include 40 hours of mediation training and experience mediating at least three civil

1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(NAME AND ADDRESS)*: | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| **ATTORNEY FOR** *(Name)*: | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

STREET ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

(check one)

☐ Metropolitan Bakersfield
☐ Arvin / Lamont
☐ Delano
☐ Kern River
☐ Mojave
☐ Ridgecrest
☐ Shafter / Wasco
☐ Taft

PLAINTIFF:

DEFENDANT:

| **ADR STIPULATION AND ORDER FORM** | CASE NUMBER: |
|---|---|

Pursuant to California Rule of Court 201.9(a)(4), the parties and their attorneys stipulate that the claims in this action will be submitted to the following alternative dispute resolution process:

☐ Mediation
☐ Neutral Evaluation
☐ Binding Arbitration
☐ Referee/ Special Master
☐ Settlement Conference with Private Neutral
☐ Non-binding Judicial Arbitration pursuant to CCP 1144 et seq, CRC Rule 1600 et  seq
☐ Discovery will remain open until 30 days before trial
☐ Other_____

It is also stipulated that _____ (name of individual neutral, not organization) will serve as _____ (neutral function/ process) and that the session will take place on _____ (enter a FIRM date).

Date:_____

_____
(Type or print name)

_____
(Signature)

_____
(Type or print name)

_____
(Signature)

Attach additional signature pages if needed.

**EXHIBIT "D"**



1    PAUL, HASTINGS, JANOFSKY & WALKER LLP
     STEPHEN L. BERRY (SB# 101576)
2    EDWARD B. RASKIN (SB# 244936)
     695 Town Center Drive
3    Seventeenth Floor
     Costa Mesa, CA 92626-1924
4    Telephone:  (714) 668-6200
     Facsimile: (714) 979-1921
5
     PAUL, HASTINGS, JANOFSKY & WALKER LLP
6    JAN E. EAKINS (SB# 100612)
     515 South Flower Street
7    Twenty-Fifth Floor
     Los Angeles, CA  90071-2228
8    Telephone:  (213) 683-6000
     Facsimile:  (213) 627-0705
9
     Attorneys for Defendants
10   GMRI, INC. and DARDEN RESTAURANTS, INC.

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12               COUNTY OF KERN, METROPOLITAN DIVISION

13                    UNLIMITED CIVIL (COMPLEX)

14

15   ANNA JOHNSON and LANDON            CASE NO. 259861 SPC
     BRINKMAN, individually and on
16   behalf of all others similarly ,        **NOTICE TO ADVERSE PARTY OF
                                              REMOVAL OF CIVIL ACTION TO
17              Plaintiff,                     FEDERAL COURT**

18        vs.

19   GMRI, INC. and DARDEN
     RESTAURANTS INC. dba Olive
20   Garden Restaurants and Does 1 through
     20,
21
22              Defendants.

23

24   TO PLAINTIFFS ANNA JOHNSON and LANDON BRINKMAN AND THEIR

25   ATTORNEY OF RECORD WILLIAM L. HINKLE AND THE HINKLE LAW FIRM:

26              //

27              //

28

     LEGAL_US_W # 55657194.1

          NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    PLEASE TAKE NOTICE that on February 21, 2007, defendants GMRI,

2  INC. and DARDEN RESTAURANTS, INC. filed a Notice of Removal of this action in

3  the United States District Court for the Eastern District of California.

4

5    A copy of the Notice of Removal accompanies this Notice.

6

7  DATED:  February 21, 2007        PAUL, HASTINGS, JANOFSKY & WALKER LLP

8

9

                                   By: _____
10                                              JAN E. EAKINS

11                                 Attorneys for Defendants
                                   GMRI, INC. and DARDEN RESTAURANTS, INC.
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEGAL_US_W # 55657194.1                    -2-

NOTICE TO ADVERSE PARTY OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

# EXHIBIT "E"

1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   STEPHEN L. BERRY (SB# 101576)
2  EDWARD B. RASKIN (SB# 244936)
   695 Town Center Drive
3  Seventeenth Floor
   Costa Mesa, CA 92626-1924
4  Telephone: (714) 668-6200
   Facsimile: (714) 979-1921
5
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
6  JAN E. EAKINS (SB# 100612)
   515 South Flower Street
7  Twenty-Fifth Floor
   Los Angeles, CA 90071-2228
8  Telephone: (213) 683-6000
   Facsimile: (213) 627-0705
9
   Attorneys for Defendants
10 GMRI, INC. and DARDEN RESTAURANTS, INC.

11                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

12                 COUNTY OF KERN, METROPOLITAN DIVISION

13                      UNLIMITED CIVIL (COMPLEX)

14

15 ANNA JOHNSON and LANDON          CASE NO. 259861 SPC
16 BRINKMAN, individually and on
   behalf of all others similarly ,   **NOTICE TO SUPERIOR COURT OF**
17                                     **REMOVAL OF CIVIL ACTION TO**
            Plaintiff,                 **FEDERAL COURT**
18
         vs.
19
   GMRI, INC. and DARDEN
20 RESTAURANTS INC. dba Olive
   Garden Restaurants and Does 1 through
21 20,

22          Defendants.

23

24 TO THE CLERK OF THE ABOVE-ENTITLED COURT:

25

26          PLEASE TAKE NOTICE that on February 21, 2007 defendants GMRI,

27 INC. and DARDEN RESTAURANTS, INC. filed in the United States District Court for

28
   LEGAL_US_W # 55657361.1

   DEFENDANTS' NOTICE TO SUPERIOR COURT OF REMOVAL TO FEDERAL COURT

1    the Eastern District of California a Notice of Removal of Civil Action to Federal Court. A

2    copy of the Notice of Removal is attached hereto as Exhibit "A."

3             Pursuant to 28 U.S.C. Section 1446(d), the filing of the Notice of Removal

4    in the federal district court, together with the filing of a copy of the Notice of Removal

5    with this Court, effects the removal of this action, and this Court may proceed no further

6    unless and until the case is remanded.

7

8    DATED:  February 21, 2007          PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                        STEPHEN L. BERRY
9                                       JAN E. EAKINS

10

11                                      By:_____
12                                           JAN E. EAKINS

13                                      Attorneys for Defendants
                                        GMRI, INC. and DARDEN RESTAURANTS, INC.
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐) <br> ANNA JOHNSON and LANDON BRINKMAN, individually and on behalf of all others similarly situated, | **DEFENDANTS** <br> GMRI, INC. and DARDEN RESTAURANTS, INC. |
| **(b)** County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): <br> KERN | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
| **(c)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br> The Hinkle Law Firm <br> William L. Hinkle, SB#48013 <br> 2600 S. Harbor Blvd., #147 <br> Oxnard, CA 93035 <br> Ph: (805) 650-9873; Fax: (805) 650-9837 | Attorneys (If Known) <br> Stephen L. Berry, Esq. (SB# 101576), Jan E. Eakins (SB# 100612) <br> Paul, Hastings, Janofsky & Walker LLP <br> 515 S. Flower Street, 25th Floor <br> Los Angeles, CA 90071-2228 <br> Ph: (213) 683-6000; Fax: (213) 627-0705 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes  ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No      ☐ **MONEY DEMANDED IN COMPLAINT: $**_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. Sections 1332, 1441 & 1446 (alleged wage & hour class action)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities /Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | ☐ 196 Franchise | | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | **REAL PROPERTY** | | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 210 Land Condemnation | | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 220 Foreclosure | | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☒ 890 Other Statutory Actions | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☒ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____.

EDCA-JS44 (01/05)                                          **CIVIL COVER SHEET**                                          Page 1 of 2

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF CALIFORNIA

### OFFICE OF THE CLERK
**2500 Tulare Street**
**Fresno, CA 93721**

Clerk, USDC Central District of CA
312 N. Spring Street
Los Angeles, California 90012

**RE:**　　　　　**LANDON BRINKMAN vs. GMRI, INC.**
**USDC No.:**　　**1:07–CV–00283–LJO–DLB**

Dear Clerk,

Pursuant to the order transferring the above captioned case to your court, dated
March 31, 2008 , transmitted herewith are the following documents.

**Electronic Documents: 1 to 61.**

Documents maintained electronically by the district court are accessible through
PACER for the Eastern District of California at **https://ecf.caed.uscourts.gov**.

Please <u>acknowledge</u> receipt on the extra copy of this letter and return to the Clerk's Office.

Very truly yours,

**April 1, 2008**　　　　　　/s/　**C. Esteves**

　　　　　　　　　　　　　　Deputy Clerk

RECEIVED BY:　　　L Horn

　　　　　　　　　　　　　Please Print Name

DATE RECEIVED:　　　4/7/08

NEW CASE
NUMBER:　　　*  CV08-02279 ODW PLAx