STEPHEN L. BERRY (SB# 101576)
stephenberry@paulhastings.com
EDWARD R. RASKIN (SB# 244936)
edwardraskin@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
695 Town Center Drive
Seventeenth Floor
Costa Mesa, CA  92626-1924
Telephone:  (714) 683-6200
Facsimile:  (714) 979-1921

JAN E. EAKINS (SB# 100612)
janeakins@paulhastings.com
PAUL, HASTINGS, JANOFKSY & WALKER LLP
515 S. Flower Street, 25the Floor
Los Angeles, CA  90071
Telephone:  (213) 683-6000
Facsimile:  (213) 996-3356

Attorneys for Defendants
GMRI, INC. and DARDEN RESTAURANTS, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| ANNA JOHNSON and LANDON BRINKMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>GMRI, INC. and DARDEN RESTAURANTS INC, dba Olive Garden Restaurants and Does 1 through 20, inclusive,<br><br>Defendants. | CASE NO. 1:07-CV-00283-LJO-DLB<br><br>**DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION FIRST AMENDED COMPLAINT**<br><br>Assigned to Hon. Lawrence J. O'Neill |

1   TO PLAINTIFFS ANNA JOHNSON AND LANDON BRINKMAN AND TO

2   THEIR ATTORNEYS OF RECORD, WILLIAM L. HINKLE AND THE HINKLE

3   LAW FIRM AND JOHN K. COURTNEY AND GIRARDI & KEESE:

4

5          Defendants GMRI, Inc. ("GMRI") and Darden Restaurants, Inc.

6   ("Darden") (collectively "Defendants"), for themselves alone and no other

7   defendant, hereby answer and plead in response to the First Amended Complaint

8   ("Complaint") of Plaintiffs Anna Johnson and Landon Brinkman ("Plaintiffs"), as

9   modified by the Court's Orders dated May 21, 2007, and July 6, 2007,[1] as follows:

10

11                     **JURISDICTION AND VENUE**

12

13          1.     Answering Paragraph 1, Defendants admit that jurisdiction is

14   proper in this federal district court and that, prior to removal of this action to this

15   federal district court, the Kern County Superior Court had jurisdiction of this case.

16   Except as hereinbefore expressly admitted and alleged, Defendants deny, generally

17   and specifically, each and every remaining allegation contained in this paragraph.

18

19          2.     Answering Paragraph 2, Defendants admit that venue is proper

20   in this federal district court.  Defendants further admit and allege that GMRI does

21   business as Olive Garden restaurants, including advertising for such restaurants

22   within this district, and operates an Olive Garden located in Bakersfield, California,

23   where Plaintiffs were employed.  Defendants further allege that GMRI is a wholly

24   owned subsidiary of Darden and that Darden was never the employer of Plaintiffs

25   ---

[1]  The Court's Order dated May 21, 2007, dismissed the first, second, and third claims for,
26   respectively, violation of Section 4(c) of Wage Order 5-2001 (split shifts), violation of
     Section 8 of Wage Order 5-2001 (cash shortages), and common count for money had and
27   received.  That Order also struck attorneys' fees, disgorgement of profits, penalties, and
     punitive damages from the Complaint.  The Court's Order dated July 6, 2007, struck
28   restitution as a remedy from the remaining Unfair Competition Law claim to the extent it
     seeks alleged restoration of cash shortages.

1   or the group of persons they purport to represent, the existence of which is

2   expressly denied.  Except as hereinbefore expressly admitted and alleged,

3   Defendants deny, generally and specifically, each and every remaining allegation

4   contained in this paragraph.

5

6                           **THE PARTIES**

7

8              3.      Answering Paragraph 3, Defendants admit and allege that

9   Plaintiffs were employed at the Bakersfield Olive Garden and that the mailing

10  addresses provided to GMRI by Plaintiffs during the time they were employed by

11  GMRI were located within Kern County.  Except as hereinbefore expressly

12  admitted and alleged, Defendants deny, generally and specifically, each and every

13  remaining allegation contained in this paragraph.

14

15             4.      Answering Paragraph 4, Defendants admit that Darden is a

16  corporation with its principal executive offices in Orlando, Florida.  Defendants

17  further admit that GMRI is a corporation, wholly owned by Darden, and doing

18  business in the State of California as Olive Garden restaurants.  Except as

19  hereinbefore expressly admitted and alleged, Defendants deny, generally and

20  specifically, each and every remaining allegation contained in this paragraph.

21

22             5.      Answering Paragraph 5, Defendants lack sufficient information

23  and belief to enable them to either admit or deny the allegations related to unnamed

24  defendants and, on that basis, deny, generally and specifically, the allegations

25  contained in this paragraph.

26

27             6.      Answering Paragraph 6, Defendants admit that Plaintiffs

28  collectively refer to the Defendants as "Defendant" in the Complaint.

LEGAL_US_W # 55637238.2

1          7.      Answering Paragraph 7, Defendants lack sufficient information

2    or belief to enable them to either admit or deny the allegations related to the

3    unspecified actions to which Plaintiffs refer that were carried out by their agents,

4    employees, officers and/or directors and, on that basis, deny generally and

5    specifically the allegations contained in this paragraph.

6

7                             **CLASS ACTION ALLEGATIONS**

8

9          8.      Answering Paragraph 8, Defendants admit and allege that

10   Johnson was employed by GMRI at the Bakersfield Olive Garden from

11   approximately March 2004, through May 2006, and that she primarily worked as a

12   server during her employment at GMRI.  Defendants further admit and allege that

13   Brinkman was employed by GMRI at the Bakersfield Olive Garden from

14   approximately November 2005 to April 11, 2006, as a server.  Except as

15   hereinbefore expressly admitted and alleged, Defendants deny, generally and

16   specifically, each and every remaining allegation contained in this paragraph.

17

18         9.      Answering Paragraph 9, Defendants allege this paragraph

19   contains conclusions of law to which no response is required.  Except as

20   hereinbefore alleged, Defendants deny, generally and specifically, each and every

21   remaining allegation contained in this paragraph.

22

23        10.     Answering Paragraph 10, Defendants allege this paragraph

24   contains conclusions of law to which no response is required.  Except as

25   hereinbefore alleged, Defendants deny generally and specifically each and every

26   allegation contained therein.

27

28

11. Answering Paragraph 11, Defendants allege this paragraph contains conclusions of law to which no response is required. Except as hereinbefore alleged, Defendants deny generally and specifically each and every allegation contained therein.

12. Answering Paragraph 12, Defendants allege this paragraph contains conclusions of law to which no response is required. Except as hereinbefore alleged, Defendants deny generally and specifically each and every allegation contained therein.

13. Answering Paragraph 13, Defendants allege this paragraph contains conclusions of law to which no response is required. Except as hereinbefore alleged, Defendants deny generally and specifically each and every allegation contained therein.

## **FACTUAL ALLEGATIONS**

14. Answering Paragraph 14, Defendants admit and allege that GMRI operates numerous Olive Garden restaurants in California, including the Bakersfield Olive Garden, as well as other Olive Garden restaurants throughout the United States. Defendants further admit and allege that they are in the restaurant business and that GMRI is a wholly owned subsidiary of defendant Darden. Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

15. Answering Paragraph 15, Defendants admit and allege that Plaintiffs' job duties included handling cash during the time they were employed by GMRI as servers. Except as hereinbefore expressly admitted and alleged,

1  Defendants deny, generally and specifically, each and every remaining allegation

2  contained in this paragraph.

3

4       16.    Answering Paragraph 16, Defendants admit and allege that,

5  during the relevant time periods, Plaintiffs and other servers and bartenders in

6  California generally were assigned a schedule by GMRI that included the time they

7  were to start work, but usually not a finish time, and that Plaintiffs and other servers

8  and bartenders in California sometimes were required to work a split shift.

9  Defendants further allege that on days when California servers and bartenders'

10  working hours in the same work day were interrupted by a non-paid non-working

11  period of more than one hour, GMRI's time reporting and payroll systems were

12  programmed to automatically pay the employee any split shift premium due.

13  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally

14  and specifically, each and every remaining allegation contained in this paragraph.

15

16       17.    Answering Paragraph 17, Defendants admit and allege that

17  Plaintiffs' job duties as servers required them to handle cash and that bartenders

18  also are required to handle cash as part of their job duties.  Defendants further admit

19  and allege that, during all relevant time periods, the job duties of servers and

20  bartenders included billing the customers for the food and drinks served by that

21  individual server/bartender at the end of the dining experience.  Defendants further

22  admit and allege that, at the end of the shift, servers and bartenders were required as

23  part of their duties to turn in to GMRI the payments for food and/or drinks received

24  by the individual server/bartender during his/her shift, including credit card

25  receipts, coupons, certificates, checks, and cash.  Defendants further allege that

26  servers and bartenders were subject to appropriate disciplinary action if they failed

27  to comply with their cash handling job duties.  Except as hereinbefore expressly

28

1   admitted and alleged, Defendants deny, generally and specifically, each and every
2   remaining allegation contained in this paragraph.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY SPLIT SHIFT PREMIUMS[2]

18.     Answering Paragraph 18, Defendants incorporate the responses
to Paragraphs 1 through 17 as though fully set forth herein.

19.     Answering Paragraph 19, Defendants allege that Section 4(C) of
Wage Order 5-2001 (CCR § 11050.4(C)) speaks for itself and, to the extent that this
paragraph contains conclusions of law, no response is necessary.  Defendants
further admit and allege that Plaintiffs and other servers and bartenders sometimes
were required to work split shifts and received an hour's pay at the minimum wage
in addition to the minimum wage for that workday in accordance with California
law.  Except as hereinbefore expressly admitted and/or alleged, Defendants deny,
generally and specifically, each and every remaining allegation contained in this
paragraph.

20.     Answering Paragraph 20, Defendants admit and allege that
Johnson worked 26 split shifts as a server while employed at GMRI and was paid
one hour's pay at the minimum wage in addition to the minimum wage for that
workday for every split shift she worked as a server.  Except as hereinbefore
expressly admitted and alleged, Defendants deny, generally and specifically, each
and every remaining allegation contained in this paragraph.

---

[2]  This cause of action was dismissed by the Court in its Order dated May 21, 2007.
Defendants respond to these allegations herein only to the extent that Paragraphs 18
through 23 are incorporated into Plaintiffs' remaining fourth UCL claim.

21.    Answering Paragraph 21, Defendants admit and allege that Brinkman worked 24 split shifts as a server and was paid one hour's pay at the minimum wage in addition to the minimum wage for that workday for every split shift he worked as a server.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

22.    Answering Paragraph 22, Defendants admit and allege that, at all relevant times, GMRI maintained accurate timekeeping and payroll records showing the split shifts worked by Plaintiffs and other servers and bartenders, and that these records reflect that these servers and bartenders were paid for any split shifts worked in accordance with California law.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

23.    Answering Paragraph 23, Defendants respond that Plaintiffs' request for attorneys' fees has been stricken.

## SECOND CAUSE OF ACTION
## REQUIRING PAYMENT FOR CASH SHORTAGES[3]

24.    Answering Paragraph 24, Defendants incorporate each and every response to Paragraphs 1 through 17 above.

25.    Answering Paragraph 25, Defendants allege that Section 8 of Wage Order 5-2001 (CCR § 11050.8) speaks for itself.

---

[3] This cause of action was dismissed by the Court in its Order dated May 21, 2007. Defendants respond to these allegations herein only to the extent that Paragraphs 24 through 42 are incorporated into Plaintiffs' remaining fourth UCL claim.

26. Answering Paragraph 26, Defendants admit and allege that a cash handling system known in the restaurant industry as "server banking" was utilized at Olive Garden restaurants located in California at all relevant times. Defendants further admit and allege that server banking as implemented at Olive Garden includes the following procedures: (1) each server and bartender utilizes a point of sale computer system that tracks all the food and drink sales made by the individual servers and bartenders; (2) the servers/bartenders are required to provide checks to guests at the end of their dining experience and collect payment from the guests in the form of cash, credit cards, checks, coupons, and/or gift certificates; and (3) at the time the server/bartender checks out at the end of the shift, he/she is required to turn over to the designated checker or manager of the restaurant all cash, credit card receipts, checks, coupons and/or gift certificates that he/she collected during the shift as payment for food and drinks. Defendants further admit and allege that servers and bartenders are subject to appropriate disciplinary action for failure to properly keep track of the cash or other items received from guests as payment for food and drinks and/or for mistakes resulting in a shortage of collected funds (i.e., gave the wrong check to the table). Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

27. Answering Paragraph 27, Defendants admit and allege that at all relevant times GMRI's practice was that Olive Garden servers and bartenders may be subject to appropriate disciplinary action if a guest they are serving walks out without paying their check. Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

28.     Answering Paragraph 28, Defendants admit and allege that GMRI's Olive Garden restaurants are open 363 days per year.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

29.     Answering Paragraph 29, Defendants deny generally and specifically each and every allegation contained therein.

30.     Answering Paragraph 30, Defendants deny generally and specifically each and every allegation contained therein.

31.     Answering Paragraph 31, Defendants admit and allege that at all relevant times GMRI provided servers with a two-pocket pouch, which servers have the option to use to hold and segregate, among other things, their tips as well as the cash and other items collected in payment of food and drinks during their shift, and further provided a bar drawer for bartenders to hold the cash and other items collected in payment of drinks at Olive Garden restaurants.  Defendants further allege that, during the shift, a server/bartender may request to drop cash funds to the checker/manager if the server/bartender believes he or she is holding too much cash.  Defendants further allege that, at all relevant times, Olive Garden's policy provided that its managers should never ask, require or allow any employees to pay for a walkout or cash shortage.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

32.     Answering Paragraph 32, Defendants deny generally and specifically each and every allegation contained therein.

33.    Answering Paragraph 33, Defendants deny generally and specifically each and every allegation contained therein.

34.    Answering Paragraph 34, Defendants deny generally and specifically each and every allegation contained therein.

35.    Answering Paragraph 35, Defendants deny generally and specifically each and every allegation contained therein.

36.    Answering Paragraph 36, Defendants are informed and believe and on that basis admit that some servers and bartenders are single parents.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

37.    Answering Paragraph 37, Defendants deny generally and specifically each and every allegation contained therein.

38.    Answering Paragraph 38, Defendants admit and allege that Johnson's personnel file reflects that she received four Performance Discussion Recaps ("PDRs") during her employment at the Bakersfield Olive Garden, three of which were verbal warnings unrelated to server banking or any cash handling procedures.  Defendants further admit and allege that on or about August 15, 2004, Johnson received a PDR from her manager, Patricia Coor, for giving the wrong check to the wrong table which resulted in a loss of approximately $19.78, in which she was advised that future occurrences of this type would result in further disciplinary action up to and including termination.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

-11-

39.     Answering Paragraph 39, Defendants admit and allege that Brinkman received two PDRs during his employment at the Bakersfield Olive Garden, which contained verbal warnings not related to server banking or any cash handling procedures.  Except as hereinbefore expressly admitted and alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

40.     Answering Paragraph 40, Defendants deny generally and specifically each and every allegation contained therein.

41.     Answering Paragraph 41, Defendants deny generally and specifically each and every allegation contained therein.

42.     Answering Paragraph 42, Defendants deny generally and specifically each and every allegation contained therein.

## THIRD CAUSE OF ACTION
## FOR MONEY HAD AND RECEIVED, COMMON COUNT[4]

43.     Answering Paragraph 43, Defendants incorporate the responses to Paragraphs 1 though 42 and/or 48 as though fully set forth herein.

44.     Answering Paragraph 44, Defendants deny generally and specifically each and every allegation contained therein.

---

[4] This cause of action was dismissed by the Court in its Order dated May 21, 2007. Defendants respond to these allegations herein only to the extent that Paragraphs 43 through 45 are incorporated into Plaintiffs' remaining fourth UCL claim.

-12-

LEGAL_US_W # 55637238.2

45.     Answering Paragraph 45, Defendants deny generally and specifically each and every allegation contained therein.

## FOURTH CAUSE OF ACTION
## UNFAIR COMPETITION PURSUANT TO
## CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200

46.     Answering Paragraph 46, Defendants incorporate by reference their responses to allegations in Paragraphs 1 through 45 and/or 51 as through fully set forth herein.

47.     Answering Paragraph 47, Defendants deny generally and specifically each and every allegation contained therein.

48.     Answering Paragraph 48, Defendants deny generally and specifically each and every allegation contained therein.

49.     Answering Paragraph 49, Defendants allege that California Business & Professions Code Section 17200 *et seq.* speaks for itself.

50.     Answering Paragraph 50, Defendants allege that Labor Code Section 90.5 speaks for itself and that this paragraph contains conclusions of law to which no response is required.  Except as hereinbefore expressly alleged, Defendants deny, generally and specifically, each and every remaining allegation contained in this paragraph.

51.     Answering Paragraph 51, Defendants deny generally and specifically each and every allegation contained therein.

LEGAL_US_W # 55637238.2

52.     Answering Paragraph 52, Defendants deny generally and specifically each and every allegation contained therein.

53.     Answering Paragraph 53, Defendants deny generally and specifically each and every allegation contained therein.

54.     Answering Paragraph 54, Defendants deny generally and specifically each and every allegation contained therein.

55.     Answering Paragraph 55, Defendants deny that Plaintiffs are entitled to a jury trial on their claims for equitable relief in their sole remaining cause of action, the fourth cause of action for alleged violations of California's Unfair Competition Law ("UCL").

56.     Responding to the Prayer for Relief in the Complaint, Defendants deny, generally and specifically, that Plaintiffs have been or will be damaged in the sums alleged, in any other sum, or at all, by reason of any act or omission of Defendants or any officer, agent or employee of Defendants. Defendants further deny, generally and specifically, that Plaintiffs are entitled to injunctive relief on their sole remaining claim, the fourth cause of action for alleged UCL violations.

## AFFIRMATIVE DEFENSES

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

57.     Plaintiffs, and the group of persons they purport to represent, have improperly named and joined Defendant Darden Restaurants, Inc. in this

-14-

1  lawsuit because said Defendant has never been the employer of Plaintiffs or the
2  group of persons they purport to represent.

3

4  <u>SECOND  SEPARATE AND AFFIRMATIVE DEFENSE</u>

5

6          58.     The sole remaining claim, the fourth cause of action for alleged
7  UCL violations, fails to state a claim upon which relief can be granted.

8

9  <u>THIRD SEPARATE AND AFFIRMATIVE DEFENSE</u>

10

11          59.     Plaintiffs, and the group of persons they purport to represent, the
12  existence of which is expressly denied, are estopped from pursuing the fourth cause
13  of action for alleged UCL violations by reason of their own actions and course of
14  conduct.

15

16  <u>FOURTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

17

18          60.     Plaintiffs, and the group of persons they purport to represent, the
19  existence of which is expressly denied, have waived the right, if any, to pursue the
20  fourth cause of action for alleged UCL violations by reason of their own actions
21  and course of conduct.

22

23  <u>FIFTH SEPARATE AND AFFIRMATIVE DEFENSE</u>

24

25          61.     The fourth cause of action for alleged UCL violations is barred
26  by the doctrine of laches.

27

28

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

62.    The fourth cause of action for alleged UCL violations is barred by the doctrine of unclean hands.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

63.    The fourth cause of action for alleged UCL violations is barred in part by the applicable statutes of limitation, including but not limited to California Business & Professions Code section 17208 and other applicable law.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

64.    Plaintiffs fail to satisfy the prerequisites for class certification and, therefore, cannot represent the interests of others.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

65.    Plaintiffs, who are former employees of GMRI, lack standing to seek injunctive relief for themselves and to assert the legal rights or interests on behalf of current employees of GMRI.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

66.    The claims alleged by Plaintiffs on behalf of themselves and the group of persons they purport to represent, the existence of which is expressly denied, are matters as to which individual questions predominate and, accordingly, are not appropriate for class treatment.

1              ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3              67.    The claims alleged by Plaintiffs are neither common to nor

4  typical of those, if any, of the group of persons they purport to represent, the

5  existence of which is expressly denied.

6

7              TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

8

9              68.    Plaintiffs are not similarly situated to other potential members of

10  the group of persons they purport to represent, and Plaintiffs are therefore

11  inadequate representatives of the group of persons they purport to represent, the

12  existence of which is expressly denied.

13

14           THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

15

16             69.    Certain of the interests of the group of persons that Plaintiffs

17  purport to represent are in conflict with the interests of all or certain sub-groups of

18  persons that Plaintiffs purport to represent, the existence of which is expressly

19  denied.

20

21           FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

22

23             70.    Plaintiffs, and the group of persons they purport to represent, are

24  precluded from recovering any amounts from Defendants where Defendant GMRI

25  has paid Plaintiffs or the group of persons they purport to represent, the existence of

26  which is expressly denied, all sums legally due under California law.

27

28

FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

71.     Defendants are entitled to a setoff of any monetary damages that Plaintiffs, and the group of persons they purport to represent, the existence of which is expressly denied, recover against Defendants herein.  Cal. Code Civ. Proc. § 431.70.

SIXTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

72.     The sole remaining cause of action, the fourth cause of action for alleged UCL violations, is barred because any recovery from Defendants would result in the unjust enrichment of Plaintiffs and the group of persons they purport to represent, the existence of which is expressly denied.

SEVENTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

73.     Plaintiffs, and the group of persons they purport to represent, the existence of which is expressly denied, have failed to mitigate or reasonably attempt to mitigate their damages, if any, as required by law.

EIGHTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

74.     To the extent, if any, that the prayer for relief encompasses a request for injunctive relief, such claims are barred because Plaintiffs, and the group of persons they purport to represent, the existence of which is expressly denied, have not suffered any irreparable injury and/or have an adequate and complete remedy at law.

1

NINETEENTH SEPARATE AND AFFIRMATIVE DEFENSE

2

3          75.     Defendants presently have insufficient knowledge or

4   information on which to form a belief as to whether they may have additional, as

5   yet unstated, affirmative defenses available.  Defendants reserve herein the right to

6   assert additional defenses in the event that discovery indicates they would be

7   appropriate.

8

9          WHEREFORE, Defendants pray for judgment as follows:

10

11         1.     That class certification be denied;

12

13         2.     That Plaintiffs, and the group of persons they purport to

14  represent, the existence of which is expressly denied, take nothing by reason of

15  their Complaint, that injunctive relief be denied, that the Complaint be dismissed in

16  its entirety with prejudice, and that judgment be entered for Defendants;

17

18         3.     That Defendants be awarded their reasonable costs and

19  attorneys' fees; and

20

21         4.     That Defendants be awarded such other and further relief as the

22  Court deems just and proper.

23  DATED: September 13, 2007      PAUL, HASTINGS, JANOFSKY & WALKER
                                   LLP
24

25                                 By:_____/s/  Jan E. Eakins_____
                                                JAN E. EAKINS
26

27                                 Attorneys for Defendants
                                   GMRI, INC. and DARDEN RESTAURANTS, INC.
28

LEGAL_US_W # 55637238.2

1

## <u>PROOF OF SERVICE</u>

2

STATE OF CALIFORNIA                         )
                                            ) ss:
3    CITY OF LOS ANGELES AND COUNTY         )
     OF LOS ANGELES                         )

4

5          I am employed in the City of Los Angeles and County of Los Angeles, State
of California.  I am over the age of 18, and not a party to the within action.  My business
6    address is 515 South Flower Street, Twenty-Fifth Floor, Los Angeles, CA 90071-2228.

7          On September 13, 2007, I served the foregoing document(s) described as:

8    **DEFENDANTS' ANSWER TO PLAINTIFFS' CLASS ACTION FIRST AMENDED
     COMPLAINT**

9
on the interested parties by placing a true and correct copy thereof in a sealed envelope(s)
10   addressed as follows:

11            The Hinkle Law Firm
              William L. Hinkle
12            3600 S. Harbor Blvd., # 147
              Oxnard, CA 93035
13

14   ☐      **VIA OVERNIGHT MAIL:**

15          VIA UPS OVERNIGHT MAIL: By delivering such document(s) to an overnight mail
            service or an authorized courier in a sealed envelope or package designated by the express
16          service courier addressed to the person(s) on whom it is to be served.

     ☒      **VIA U.S. MAIL:**
17
            I am readily familiar with the firm's practice of collection and processing of
18          correspondence for mailing.  Under that practice such sealed envelope(s) would be
            deposited with the U.S. postal service on September 13, 2007 with postage thereon fully
19          prepaid, at Los Angeles, California.

20         I declare under penalty of perjury under the laws of the United States of
America that the above is true and correct.
21

22         Executed on September 13, 2007, at Los Angeles, California.

23                                              /s/ Arlene Figueroa
                                             Arlene Figueroa

24

25

26

27

28

LEGAL_US_W # 55679291.1 70832.00005