**COPY**

**FILED**

MAR 3 1 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

1  STEPHEN L. BERRY (SB# 101576)
   stephenberry@paulhastings.com
2  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   695 Town Center Drive
3  Seventeenth Floor
   Costa Mesa, CA 92626-1924
4  Telephone: (714) 683-6200
   Facsimile: (714) 979-1921
5
   JAN E. EAKINS (SB# 100612)
6  janeakins@paulhastings.com
   PAUL, HASTINGS, JANOFSKY & WALKER LLP
7  515 S. Flower Street, 25the Floor
   Los Angeles, CA 90071
8  Telephone: (213) 683-6000
   Facsimile: (213) 996-3356
9
   Attorneys for Defendants
10 GMRI, INC. and DARDEN RESTAURANTS INC.

11

12                  UNITED STATES DISTRICT COURT

13           EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

14                                          CV 08-02279 ODW PLAx

15 ANNA JOHNSON and LANDON          | CASE NO. 1:07-CV-00283-LJO-DLB
   BRINKMAN, individually and on
16 behalf of all others similarly situated, |
                                      | NOTICE OF SETTLEMENT AND
17         Plaintiffs,                | STIPULATION FOR TRANSFER
                                      | OF ACTION TO CENTRAL
18   vs.                              | DISTRICT OF CALIFORNIA FOR
                                      | ADMINISTRATION OF
19 GMRI, INC. and DARDEN              | SETTLEMENT; [~~PROPOSED~~] 🖋
   RESTAURANTS INC, dba Olive         | ORDER TRANSFERRING ACTION
20 Garden Restaurants and Does 1 through |
   20, inclusive,                     |
21                                    |
           Defendants.                |
22                                    |
                                      | Hon. Lawrence J. O'Neill
23
   I hereby attest and certify on 4-1-08
24 that the foregoing document is a full, true
   and correct copy of the original on file in my
25 office and in my legal custody.
            VICTORIA C. MINOR
26     CLERK, U.S. DISTRICT COURT
       EASTERN DISTRICT OF CALIFORNIA
27 By_____ Deputy

28

---

LEGAL_US_W # 58034949.3

NOTICE OF SETTLEMENT AND STIPULATION
FOR TRANSFER OF ACTION FOR
ADMINISTRATION OF SETTLEMENT

Pursuant to Local Rule 16-160, plaintiffs Anna Johnson and Landon Brinkman ("Plaintiffs") and defendants GMRI, Inc. ("GMRI") and Darden Restaurants, Inc. (collectively with GMRI, "Defendants") hereby notify the Court that they have reached a settlement of this class action, and for the reasons detailed below, stipulate to the transfer of this action to the United States District Court for the Central District of California ("Central District") for judicial approval and administration of the class action settlement in this case together with the settlement of an earlier filed, similar class action pending in the Central District, entitled *Melissa Medina v. GMRI, Inc. dba Red Lobster*, Case No. CV04-1347 GHW (MANx) (the "Medina Case"), presently pending before the Honorable George H. Wu.

In support of this stipulation, Plaintiffs and Defendants (collectively, the "Parties"), state:

A.  The Parties participated with the parties in the Medina Case in a joint mediation before retired California Supreme Court Justice Edward M. Panelli on May 16, 2007. Justice Panelli issued a mediator's proposal, which proposal ultimately was accepted by the Parties. The Parties have memorialized their settlement in a written memorandum of agreement, Exhibit "A," attached, and will promptly seek court approval for their settlement once this action has been transferred and the cases are consolidated for settlement administration purposes; and

B.  The Medina Case is not a related case within the meaning of Local Rule 83-123 because it was filed in a different district and involves different parties. The plaintiffs in the Medina Case are former servers at *Red Lobster* restaurants and seek to represent a class of current and former *Red Lobster* servers

1 and bartenders in California, while Plaintiffs are former servers at *Olive Garden*
2 restaurants and seek to represent a class of current and former *Olive Garden* servers
3 and bartenders in California. Both Red Lobster and Olive Garden restaurants,
4 however, are owned and operated by GMRI; and
5
6       C.     Because this action and the Medina Case involve similar claims,
7 and the settlement payment will be distributed to settlement class members
8 consisting of the putative class members in both cases pursuant to a single formula,
9 counsel for the Parties believe it would be more efficient for one court to administer
10 the settlement in both cases; and
11
12       D.     Counsel for the Parties believe that the Central District is the
13 most appropriate of the courts to administer the joint settlement because the Medina
14 Case is the earlier filed case and all counsel in both cases are located within the
15 Central District; and
16
17       E.     The interests of judicial economy will be furthered by the
18 transfer of this case to the Central District for approval and administration of the
19 settlement, because (1) both the Medina Case and this case have been settled on the
20 same terms, (2) the transfer of this action for consolidation with the Medina Case
21 will avoid duplicative filings by the parties and potential inconsistent preliminary
22 and final settlement approval orders, and (3) judicial resources will be conserved by
23 having one court administer the settlement of both cases; and
24
25       F.     The convenience of the parties also supports the transfer to the
26 Central District for settlement approval and administration purposes, because
27 counsel for all parties in both the Medina Case and this case are located in the
28 Central District. The convenience of witnesses is not relevant because the Parties

1  have agreed to settle this case and the only remaining legal process is judicial
2  approval and administration of the class action settlement; and
3
4         G.   This case could have been brought in the Central District
5  because GMRI does business within the Central District and the alleged actions that
6  give rise to the claims of some putative class members occurred there. *See* 28
7  U.S.C. § 1391; and
8
9         H.   On March 24, 2008, counsel for the parties to the Medina Case
10 participated in a status conference before Judge Wu, who indicated his approval of
11 this process and directed that the Parties file such a stipulation regarding the
12 transfer and consolidation by Friday, March 28, 2008. The parties to the Medina
13 Case will file a separate stipulation in the Central District requesting that this case
14 be consolidated with the Medina Case, subject to this Court's decision to transfer it
15 to the Central District.
16
17        NOW, THEREFORE, the Parties, through their respective counsel,
18 hereby stipulate that this action shall be transferred forthwith to the Central District
19 of California.
20
21 Dated: March 28, 2008          GIRARDI / KEESE
22
                                  By: _____/s/ John K. Courtney_____
23                                    JOHN K. COURTNEY
                                      Attorneys for Plaintiffs
24                                    ANNA JOHNSON and LANDON BRINKMAN
25
26
27
28

LEGAL_US_W # 58034949.3           -3-         NOTICE OF SETTLEMENT AND STIPULATION
                                              FOR TRANSFER OF ACTION FOR
                                              ADMINISTRATION OF SETTLEMENT

Dated: March 28, 2008   Paul, Hastings, Janofsky & Walker LLP

By: ____/s/ Jan E. Eakins____
JAN E. EAKINS
Attorneys for Defendants
GMRI, INC. and DARDEN RESTAURANTS INC.

## ORDER

Pursuant to 28 U.S.C. section 1404(a), and good cause appearing therefor, it is ordered that this action shall be transferred to the United States District Court for the Central District of California and, upon appropriate order from the Central District, consolidated with the Medina Case for joint administration of the settlement in this case and the Medina case.

DATED: March 31, 2008   _____
Hon. Lawrence J. O'Neill
United States District Judge

*Exhibit "A"*

## RED LOBSTER and OLIVE GARDEN –CLASS ACTION CASES
## CONFIDENTIAL MEMORANDUM OF UNDERSTANDING

On May 15, 2007, the parties to Melissa Medina v. GMRI, Inc. dba Red Lobster, United States District Court, Central District of California, Case No. CV04-1347 FMC (MANx) (the Medina Case") and Anna Johnson & Landon Brinkman v. GMRI, Inc. and Darden Restaurant's, Inc. dba Olive Garden, United States District Court, Eastern District of California, Fresno Division, Case No. 1:07-CV-00283-LJO-DLB (the "Johnson Case") (collectively referred to as "the Cases" and/or "the Parties," as appropriate) participated in mediation with the Hon. Edward M. Panelli. On May 16, 2007, Justice Panelli issued a mediator's proposal recommending that the parties' settle the Cases for the Settlement Amount (as defined below), which proposal ultimately was accepted by the Parties. Upon execution, this Confidential Memorandum of Understanding will evidence the Parties' settlement of the Cases (the "Settlement") and its material terms and conditions, subject to memorialization of the Settlement in a detailed stipulation of settlement and Court approval, and which is intended to be a full and final resolution of the Cases and all released claims:

1. The Parties agree this Settlement is not an admission of any liability or wrongdoing of any kind.

2. **Definition of "Defendant":** "Defendant" as referenced herein and as released in the Settlement is **GMRI, Inc. and Darden Restaurants, Inc.**, and includes all present and former parent companies, subsidiaries, divisions, concepts, related or affiliated companies, shareholders, officers, directors, employees, agents, attorneys, insurers, successors and assigns, and any individual or entity which could be jointly liable with Defendant, or any of them (hereinafter "Defendant"), and their counsel of record.

3. **Two Settlement Classes:** For purposes of this Settlement, the Parties stipulate to two Classes, as follows:

   a. **"Red Lobster Settlement Class" Description:** The Settlement Class will include all persons employed as server, bartender, and any other position that is designated by Defendant as a cash handling position at any California Red

1

EXHIBIT A
PAGE 5

Lobster restaurant between January 26, 2000 through the date of Preliminary Court Approval of the Settlement (the "Red Lobster Settlement Class" or the "Red Lobster Class Members"). However, the Red Lobster Settlement Class will not include any person who previously settled or released the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement.

b. **"Olive Garden Settlement Class" Description:** The Settlement Class will also include all persons employed as server, bartender, and any other position that is designated by Defendant as a cash handling position at any California Olive Garden restaurant between January 5, 2003, through the date of Preliminary Court Approval of the Settlement (the "Olive Garden Settlement Class" or the "Olive Garden Class Members"). However, the Olive Garden Settlement Class will not include any person who previously settled or released the claims covered by this Settlement, or any person who previously was paid or received awards through civil or administrative actions for the claims covered by this Settlement.

c. The Red Lobster Settlement Class and the Olive Garden Settlement Class shall be referred to collectively herein as the "Settlement Class." Red Lobster Settlement Class Members and Olive Garden Settlement Class Members shall be referred to collectively as "Settlement Class Members".

4. **Red Lobster Settlement Class Period.** The Red Lobster Settlement Class Period shall be from January 26, 2000, through the date of preliminary approval of the Settlement ("Red Lobster Class Period").

5. **Olive Garden Settlement Class Period.** The Olive Garden Class Period shall be from January 5, 2003 through the date of Preliminary Approval of the Settlement ("Olive Garden Class Period").

6. **Settlement Payment:** In exchange for the promises of Plaintiffs herein and in settlement of the Cases, Defendant agrees to pay the Settlement Class the Settlement Amount (as

2

defined below). Defendant will not be responsible for making any other payments to Class Members, to the Claims Administrator, to any taxing authorities or to Class Counsel thereafter. The eligibility requirements for Class Members to receive Individual Settlement Amount awards as part of this Settlement and the method for calculating such awards are set forth below. Defendant shall retain exclusive authority over, and the responsibility for, monies used to pay the Settlement Amount up to the date of funding. All claims submitted by Settlement Class Members, Claims Administration Expenses, all attorneys' fees and costs as awarded by the Court, and the employer's portion of FICA, payroll taxes, and unemployment insurance premiums shall be paid out of the Settlement Amount.

7.   **Scope of Release:** The claims to be released by the Settlement Class Members include all known and unknown claims through the date of Final Approval for monetary and/or injunctive relief relating to payment of compensation; the allegations made by Plaintiffs regarding Defendant's server banking practices, policies or procedures and any other claims under state, federal or local law arising out of or related to the bar drawer and the apron/pouch; fraud and deceit; the allegations contained in the letter dated September 18, 2007 from attorney William Hinkle to the California Labor and Workforce Development Agency on behalf of Brandy Eldred; violation of any IWC Wage Order; failure to pay split shift premiums; requiring employees to pay for cash shortages; unpaid wages; unpaid overtime; methods of payment; money had and received; unfair competition; punitive and/or liquidated damages; penalties of any nature, including but not limited to Labor Code sections 203, 558, and/or 2699, interest, attorneys' fees, costs, and all other claims and allegations made in the Cases.

8.   **"Settlement Amount":** "Settlement Amount" means the total sum of Four Million Dollars ($4,000,000), inclusive of all wages, penalties, PAGA penalties, liquidated and/or punitive damages, attorneys' fees and costs as awarded by the Court, Class Representative Enhancements, Claims Administration Expenses, and Defendant's portion of FICA, payroll taxes, and unemployment insurance premiums.

9. **"Net Class Members Distribution Amount"**: "Net Class Members Distribution Amount" means the Settlement Amount less attorneys' fees and costs as awarded by the Court, Class Representative Enhancements, Claims Administration Expenses, Defendant's portion of FICA, payroll taxes and unemployment insurance premiums, and the PAGA amount of $100,000 described in Paragraph 19. The Claims Administrator will be responsible for making all appropriate payroll deductions, paying all employer payroll taxes and unemployment insurance premiums, complying with all applicable reporting obligations, and issuing the individual settlement awards.

10. **"Individual Settlement Amount Award"**: The Net Class Members Distribution Amount shall be multiplied by the "Claim Percentage" (defined below) for each Settlement Class Member as determined by Darden's payroll data during the Class Period. The result of this multiplication shall be the Individual Settlement Amount Award to be paid to that Settlement Class Member. Individual Settlement Amount Award shall be calculated as follows:

   a. **"Total Class Earnings."** The total earnings received during the applicable Class Period by each Settlement Class Member (referred to herein as the Class Member's "Total Individual Earnings") will be determined from payroll data of Defendant, which shall be presumed correct. The Total Individual Earnings for all Settlement Class Member shall be added together based upon applicable Employee Earning Reports provided by Defendant, which shall be presumed correct. The result of this addition is the "Total Class Earnings."

   b. **"Claim Percentage."** Each Settlement Class Member's Total Individual Earnings shall be divided by the Total Class Earnings. This will yield a percentage of the Total Class Earnings available to be claimed by each of the Settlement Class Members. This percentage is referred to as the Class Member's "Claim Percentage." The Class Members' Individual Claim Percentages shall not be affected by the number of Settlement Class Members who participate in, or request exclusion from, the Settlement.

   c. **Distribution of Remainder.** "Remainder" means the unclaimed portion of the Net Class Members Distribution Amount. The Remainder also includes any

4

undistributed portion of the Net Class Members Distribution Amount resulting from the decision of any Settlement Class Members to request exclusion from the Settlement. The Remainder, if any, will be donated by Defendant to Darden Dimes, a 501(c)(3) non-profit corporation (the "Charity") which provides financial grants to Darden employees and their families in time of crisis.

11. **Transfer and Consolidation of *Johnson* With *Medina* for Purposes of Stipulated Class Certification:** The Plaintiffs in *Johnson* agree to stipulate to an order transferring and consolidating the action with *Medina* and to certification of the combined Red Lobster Settlement Class and Olive Garden Settlement Class before United States District Judge George H. Wu (the "Court") for purposes of settlement only. The Parties in *Medina* agree to withdraw the case from AAA and to stipulate to certification of the combined Red Lobster Settlement Class and Olive Garden Settlement Class before the Court for purposes of settlement only.

12. **Notice of Class Action Settlement, Claim Form and Request for Exclusion Form:** The parties will mutually agree on the forms of the Notice of Allocation of Class Settlement ("Class Notice"), Claim and Release form, and Request for Exclusion form to be sent to the Settlement Class Members and presented for approval by the Court. Within 60 calendar days of the Court's preliminary approval of the Settlement, the Claims Administrator will mail the Class Notice, Claim and Release form and Request for Exclusion form to the Settlement Class Members. The Settlement Class Members will have 45 days in which to postmark a Claim and Release form or Request for Exclusion form. Upon receipt of a timely and valid Claim and Release form, the Claims Administrator will issue a check to that Settlement Class Member in the amount of his or her Individual Settlement Amount. The Claims Administrator will perform a single NCOA check, if necessary, and will skip-trace return mail and re-mail within five days.

13. **Selection of Claims Administrator:** Subject to Court approval, Rust Consulting LLP shall be appointed as the Settlement Administrator.

14. **Duties of Claims Administrator:** Defendant will pay a lump sum to the Claims Administrator for timely and valid claims, and the Claims Administrator will then be responsible for

EXHIBIT  A
PAGE  9

making appropriate deductions, filing appropriate reports with taxing authorities, and issuing the Individual Settlement Amount awards. The Claims Administrator's duties will include handling all mailings to the Settlement Class, tracing undeliverable mailings, recording and tracking responses to the mailings to the Settlement Class (including recording the identity of any Class Members who submits verifications or opts out of the Settlement), responding to inquiries made by the Settlement Class, calculating Individual Settlement Amounts, issuance of and mailing out of Individual Settlement Amount awards, tax reporting, and other related tasks as mutually agreed to by the Parties in the Case. The Claims Administrator will retain GS1 Group, Inc. to conduct skip traces for any Class Members whose mail is returned "Addressee Unknown." It is also understood that the Claims Administrator will establish a Qualified Settlement Fund ("QSF") pursuant to Section 468B(g) of the Internal Revenue Code, and regulations promulgated thereunder for the purpose of administering this Settlement.

15. **Deficiency Notice:** The Claims Administrator will send one and only one deficiency notice to the Settlement Class Members for deficiencies in timely verifications of information in the Claim and Release form. The deficiency notice will provide the Settlement Class Members a maximum of 14 days to cure the deficiency. The claim forms must be signed, dated and completed in full to be valid. Returned or uncashed settlement checks will not be re-issued.

16. **Apportionment and Tax Reporting of Settlement Payment:** Two-thirds of each Class Member's Individual Settlement Amount awards will be treated as back wages and subject to normal tax withholding and shall be reported to the taxing authorities on an IRS Form W-2. One-third of each Class Member's Individual Settlement Amount award will be treated as prejudgment interest on which there will be no tax withholding and for which an IRS Form 1099 (marked "Other Income") shall be issued. The Claims Administrator will be responsible for performing all payroll functions reasonably necessary to administer the Settlement in conformity with this Agreement, including, but not limited to, issuing and mailing the Individual Settlement Amount awards to Eligible Class Members, reporting payment of the Individual Settlement Amount awards to all required taxing and other authorities and paying any employer payroll taxes and unemployment

insurance premiums arising out of or relating to Individual Settlement Amount awards. All of the costs, fees, expenses and liabilities incurred by the Settlement Administrator in performing these functions shall be paid out of the Settlement Amount.

17. **Notice of Settlement to State and Federal Officials:** Defendant will provide notice to any appropriate state and/or federal officials of the terms of this Settlement as required by 28 U.S.C. section 1715(b).

18. **Payment to State of California in Settlement of PAGA Claims:** From the Net Settlement Amount, the total sum of $100,000 will be allocated as settlement of Plaintiffs' claims under the California Private Attorney General Act, and seventy five percent (75%) of that total, or $75,000, shall be paid to the State of California. The remaining twenty-five percent ($25,000) shall be distributed to Class Members based on the formula specified in Paragraph 10 above. This sum will not be deemed wages and no taxes will be withheld.

19. **Preliminary Approval Order:** The form of the preliminary approval order and the final approval order are to be mutually agreed upon by the Parties and presented for approval by the Court.

20. **Class Counsel: Designation of Class Counsel:** The Parties agree to the designation of John K. Courtney, Girardi & Keese, and William H. Hinkle, Hinkle Law Offices, as counsel for the Settlement Class for all purposes in the Cases ("Class Counsel"). Class Counsel shall petition the Court for attorneys' fees not to exceed thirty percent (30%) of the Settlement Amount, namely $1,200,000, plus up to a maximum of $50,000 for reasonable and documented court costs, subject to approval by the Court. The Court-approved attorneys' fees and costs are part of, and are to be deducted from, the Settlement Amount. Defendant agrees not to object to Class Counsel's fee and cost application up to the specified amounts; provided, however, that nothing in this Settlement shall be deemed to require the Court to award Class Counsel any particular amount of fees and costs, and the Court's exercise of discretion in awarding of fees and costs shall not be a basis for Plaintiffs to terminate this Settlement.

21. **Class Representatives.** The Parties agree to the designation of the above-named Plaintiffs as the Class Representatives. The Class Representatives shall receive enhancement awards at no additional cost to Defendant, subject to approval by the Court, and subject to the Class Representatives' prior execution of separate general releases of all claims under California Code of Civil Procedure section 1542, including a promise not to seek re-employment with Defendant, in the following amounts: Melissa Medina: $5,000; Anna Johnson: $5,000; Landon Brinkman $5,000; and Elred: 2,000. The enhancement awards will be in addition to the Class Representatives' Individual Settlement Amount Awards. The enhancement awards are to be part of, and are to be deducted from, the Settlement Amount prior to calculation of the Individual Settlement Amount Awards. IRS Forms 1099 shall issue for the enhancement awards.

22. **Injunction on DSLE Claims:** The Stipulation of Settlement and the preliminary approval order will include a provision enjoining the Settlement Class Members from filing any claim with the California Division of Labor Standards Enforcement ("DLSE"), or from initiating other proceedings, regarding any of the Claims released or to be released as part of this Settlement.

23. **Confidentiality of Settlement:** The Class Representatives and Class Counsel will not make any public disclosure of the Class Settlement or this Confidential Memorandum of Understanding. The Class Representatives and Class Counsel will not have any communications with the media other than to direct any media representative who inquires to the public records of the Cases on file with the Court. Class Counsel agrees not to make reference to the Cases, this Confidential Memorandum or the Settlement in any of its internal or external advertising or marketing materials including but not limited to any website(s) maintained by class counsel. Class Counsel will take all steps necessary to ensure the Class Representatives are aware of, and obtain their adherence to, the restrictions against any media comment on the Settlement and its terms. The Parties agree that this is a material term of the settlement and any breach by the Class Representatives or Class Counsel would permit Defendant to terminate the Settlement.

24. Miscellaneous:

   a. The Parties agree to cooperate fully with each other to accomplish the terms of the Settlement, to use their best efforts to finalize the Settlement, and to use any other efforts that may become necessary by order of the Court, or otherwise, to effectuate the Settlement.

   b. Counsel for the Parties agree they have authority to execute this Confidential Memorandum of Understanding for and on behalf of the Parties.

IN WITNESS WHEREOF, the Parties hereto knowingly and voluntarily executed this Confidential Memorandum of Understanding as of the date set forth below:

Dated: March __, 2008

_____
John K. Courtney
Girardi & Keese
Attorneys for Plaintiffs Melissa Medina, Anna Johnson,
Landon Brinkman and Putative Classes

Dated: March __, 2008

_____
William L. Hinkle
Hinkle Law Offices
Attorney for Plaintiffs Melissa Medina, Anna Johnson,
Landon Brinkman and Putative Classes

Dated: March __, 2008

_____
Joel P. Kelly
Jackson Lewis LLP

9

EXHIBIT ___A___
PAGE ___13___

Attorneys for Defendant GMRI, Inc.


Dated: March 28, 2008


_____
Jan E. Eakins
Paul, Hastings, Janofsky & Walker LLP
Attorneys for Defendants GMRI, Inc. and Darden Restaurants, Inc.

H:\CLIENTS\D\Darden\Medina\Rev Draft MOU 1-15-08 (JPKSB comments).doc

10

EXHIBIT A
PAGE 14